United States Bankruptcy Court
Central District of California

KOLODZIEJ,
    Plaintiff

Mullins,
    Defendant

Adv. Proc. No. 12-02670-WB

## CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 1 | Date Rcvd: Aug 11, 2014 |
|---|---|---|---|
| | Form ID: pdf031 | Total Noticed: 2 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 13, 2014.
```
dft          +Peter D Mullins,    2520 5th St.,    Santa Monica, CA 90405-3704
pla          +RONALD KOLODZIEJ,    Niagara Construction,    4919 Beloit Ave.,    Culver City, CA 90230-5203
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2014                            Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 11, 2014 at the address(es) listed below:
```
              Adam L Streltzer     on behalf of Plaintiff RONALD  KOLODZIEJ adam@streltzer.com
              Dana M Douglas     on behalf of Defendant Alex  Martinez dmddouglas@hotmail.com
              Kevin T Simon     on behalf of Defendant Peter D Mullins kevin@srhlawfirm.com,    ktsecf@gmail.com
              United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
```
                                                                                                                      TOTAL: 4

```
 1  ADAM L. STRELTZER, Attorney at Law
       California Bar Number 17505
 2  1875 Century Park East, Suite 700
    Los Angeles, California 90067-2508
 3  Tel: (424) 652-8010
    Fax: (424) 652-2296
 4  Email: adam@streltzer.com

 5  Attorney for Plaintiff RONALD
    KOLODZIEJ, an individual and doing
 6  business as NIAGARA CONSTRUCTION
```

**FILED & ENTERED**

AUG 11 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### *LOS ANGELES DIVISION*

| | |
|---|---|
| In re<br><br>PETER D. MULLINS,<br><br>Debtor. | Case No. **2:12-bk-39952-WB**<br><br>Chapter **11**<br>(converted from Chapter 13)<br><br>Adv. No. **2:12-ap-02670-WB** |
| RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION,<br><br>Plaintiff(s),<br><br>v.<br><br>PETER D. MULLINS, an individual,<br><br>Defendant(s). | **JUDGMENT UPON STIPULATION**<br><br>Hearing:<br>Date:   August 5, 2014<br>Time:   2:00 p.m.<br>Place:  Courtroom 1375 |

 1.   IT IS HEREBY ORDERED THAT, pursuant to a Stipulation between Defendant PETER D. MULLINS, an individual (**"Defendant"**) and Plaintiff RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION (**"Plaintiff"**) *(AP Docket No. 61)*, judgment is entered in favor of Plaintiff and against Defendant as follows: that the judgment entered September 26, 2011, amended *nunc pro tunc* May 14, 2012, by the Superior Court of the State of California, County of Los Angeles, in favor of Plaintiff and against Defendant in the case entitled *Kolodziej v. Mullins*

1

*et al.*, case no. SC100345 ("**State Court Judgment**"), to the extent of and in the amount of two hundred and twenty-five thousand dollars ($225,000.00), shall be Plaintiff's damages in this adversary proceeding and shall constitute a nondischargeable obligation due and owing from Defendant to Plaintiff pursuant to 11 U.S.C. §§523(a) ("**Judgment**").

    2.    Enforcement of the Judgment shall be stayed, however enforcement shall only be stayed subject to the following:

        A.    Commencing September 1, 2014, the Defendant shall make the following payments to Plaintiff:

            i.    Year One (1): For the first twelve (12) months thereafter, the sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

            ii.    Year Two (2): For the twelve (12) months thereafter, the sum of two thousand dollars ($2,000.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

            iii.    Balloon Payment: The sum of twelve thousand five hundred dollars ($12,500.00), to be received by Plaintiff on or before the end of the business day on the first (1st) business day of the twenty-fifth (25th) month after confirmation;

            iv.    Year Three (3): For the twelve (12) months thereafter, the sum of $2,500.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

            v.    If Defendant confirms a Chapter 11 Plan entered in this within bankruptcy proceeding (2:12-bk-39952-WB), and on said condition only, then Defendant's Chapter 11 Plan shall treat Plaintiff as an unsecured claim, for which Plaintiff consents to such treatment, and Plaintiff shall be entitled to receive any and all payments made or to be made to Plaintiff as an unsecured

2

claimant from the disbursing agent ("**Plan Payments**"). Defendant's Chapter 11 Plan shall incorporate provisions that effectuate, or are not in conflict with, this Stipulation and the Judgment to be entered hereon; and

    vi.    Final payment: The sum of fifty-nine thousand dollars ($59,000.00) (less the total amount of any and all Plan Payments actually received by Plaintiff), to be received by Plaintiff on or before the end of the business day on the first (1st) business day of the thirty-seventh (37th) month after confirmation.

    B.    If Plaintiff duly and timely receives all of the payments set forth above, which totals the sum of one hundred thirty seven thousand and five hundred dollars ($137,500.00), then Plaintiff shall satisfy the Judgment and forfeit any further Plan Payments in excess thereof.

    C.    Defendant shall have the right at any time and from time to time to prepay the sums due and payable pursuant to this Stipulation, in whole or in part, without premium or penalty;

    D.    Time is of the essence in respect to all provisions hereof that specify a time for performance. If Plaintiff does not receive a payment set forth above, on or before its due date, then Plaintiff may deem Defendant to be in default and provide notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*, with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the amount of the payment then due. If Plaintiff does not receive such payment within seven (7) calendar days thereafter, then:

    (i)    Defendant is deemed to consent to the termination of the automatic stay of 11 U.S.C. §362, if any is then in existence;

    (ii)    The stay of enforcement set forth above in subparagraph (A) is automatically terminated, without any other or further notice to Defendant;

    (iii)    The payment schedule set forth above in subparagraph (A) is

3

automatically cancelled and of no further force or effect; and

(iv) Plaintiff may immediately seek to enforce the Judgment by any means permissible at law or equity for the enforcement of a money judgment, plus accrued interest, fees, and costs, but less the total amount of all payments actually received by Plaintiff before default.

E. No waiver of any breach, failure, right, or remedy shall be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver.

F. All payments to be made pursuant hereto shall be in United States Dollars, and will be in the form of a check, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa, Esq., and delivered on or before the due date during normal business hours to 1221 Second Street, Third Floor, Santa Monica, California 90401; (310) 576-6161.

3. This Judgment shall earn simple interest accruing at the maximum rate as provided by law from the date of entry hereon.

4. Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs incurred with respect to the enforcement of the Judgment and the State Court Judgment.

###

Date: August 11, 2014

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

4