ADAM L. STRELTZER, Attorney at Law
    California Bar Number 17505
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
Tel: (424) 652-8010
Fax: (424) 652-2296
Email: adam@streltzer.com

Attorney for Judgment Creditor RONALD
KOLODZIEJ, an individual and doing
business as NIAGARA CONSTRUCTION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. **2:12-bk-39952-WB** |
| PETER D. MULLINS, | Chapter **11** (converted from Chapter 13) |
| Debtor. | Adv. No. **2:12-ap-02670-WB** |
| RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION, | **DECLARATION OF ADAM L. STRELTZER RE: (1) JUDGMENT DEBTOR'S DEFAULT RE PAYMENT OF JUDGMENT; AND (2) CALCULATION OF POST-JUDGMENT INTEREST AND BALANCE DUE** |
| Plaintiff(s), | |
| v. | |
| PETER D. MULLINS, an individual, | |
| Defendant(s). | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1      **DECLARATION OF ADAM L. STRELTZER**

2      I, Adam L. Streltzer, declare as follows:

3      1.      I am an attorney duly admitted to practice before this Court. I attorney of record

4   for Plaintiff RONALD KOLODZIEJ, an individual and doing business as NIAGARA

5   CONSTRUCTION ("**Judgment Creditor**"). I have personal knowledge of the facts set forth

6   herein, except as to those stated on information and belief and, as to those, I am informed and

7   believe them to be true. If called as a witness, I could and would competently testify to the

8   matters stated herein.

9      2.      This adversary proceeding (2:12-ap-02670-WB) resolved and concluded in

10   August of 2014 by way of that certain STIPULATION FOR ENTRY OF JUDGMENT filed

11   Aug. 4, 2014 [*see Docket No. 61*], and the JUDGMENT UPON STIPULATION entered

12   Aug. 11, 2014, 2014 thereon [*see Docket No. 62*] ("**Judgment**").

13      3.      The Judgment Debtor's related Chapter 11 bankruptcy proceeding (2:12-bk-

14   39952-WB) subsequently resolved by way of the entry of an Order confirming the Judgment

15   Debtor's Third Amended Plan of reorganization, entitled ORDER CONFIRMING

16   DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION, entered Oct. 3, 2014 [*see*

17   *Docket No. 133*] and FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE [*see*

18   *Docket No. 148*] entered Mar. 12, 2015 ("**Final Decree and Order Closing Case**"). The

19   bankruptcy proceeding is closed.

20      4.      The Judgment provides for the following:

21         a.      That the underlying state court judgment is deemed a

22   nondischargeable obligation due and owing from Judgment Debtor to Judgment

23   Creditor, and that it shall be a judgment in the principal sum of $225,000.00 [see

24   Judgment, ¶1, pp. 1-2];

25         b.      That enforcement of the judgment is stayed pending Judgment

26   Debtor's monthly and balloon payments, along with any plan payments for a

27   confirmed Chapter 11 plan of reorganization entered in case no. 2:12-bk-39952-WB

28   [see Judgment, ¶2(A), pp. 2-3];

c.      However, time is of the essence. Therefore, pursuant to the Judgment, at ¶2(D), pp. 3-4, if Judgment Creditor does not receive a payment as required by the Judgment, on or before its due date, then Judgment Debtor is in default and Judgment Creditor may give notice to the Judgment Debtor via electronic mail (email) to petermullinsrealestate@gmail.com, with a copy to Defendant's counsel via email to donna@srhlawfirm.com and kevin@srhlawfirm.com and via Fax to (818) 783-6253, noting the default and the amount of the payment then due. If Judgment Creditor does not thereafter receive the required payment(s) within seven (7) calendar days after giving such notice, then:

      i.      Judgment Debtor is deemed to consent to the **termination of the automatic stay** of 11 U.S.C. §362, if any is then in existence [see Judgment, ¶2(D)(i), p. 3];

      ii.      The stay of enforcement pending the Judgment Debtor's monthly payments is **automatically terminated**, without any other or further notice to Judgment Debtor [see Judgment, ¶2(D)(ii), p. 3];

      iii.      The payment schedule set forth above in subparagraph (A) is automatically **cancelled** and of no further force or effect [see Judgment, ¶2(D)(iii), p. 3]; and

      iv.      Judgment Creditor may **immediately seek to enforce the Judgment by any means permissible** at law or equity for the enforcement of a money judgment, plus accrued interest, fees, and costs, but less the total amount of all payments actually received by Judgment Creditor before default [see Judgment, ¶2(D)(iv), p. 4].

5.      **ACKNOWLEDGMENT OF ALL CREDITS/PAYMENTS.** The Judgment Creditor received from the Judgment Debtor:

a.      Eight (8) monthly payments of $1,000.00 each, from Sept. of 2014 through Apr. of 2015, for a total of $8,000.00 received; and

b.      Zero (0) plan payments.

6.   **DEFAULT.**  The Judgment Debtor failed to tender his $1,000.00 payment due on or before May 1, 2015. Therefore, on May 11, 2015, pursuant to the terms of the Judgment, I gave notice to the Judgment Debtor and his record counsel via electronic mail and facsimile transmission that a default had occurred and that Judgment Debtor had seven (7) calendar days to cure the default. True and correct copies of my notice via electronic mail and via facsimile transmission are attached as Exhibits A and B hereto and incorporated hereat. No response was received and no payment has been received whatsoever. The Judgment Debtor is and remains in default of his obligations pursuant to the Judgment.

7.   **CONSEQUENCE OF DEFAULT.**  As a consequence, the Judgment Debtor is deemed to consent to the termination of the automatic stay of 11 U.S.C. §362, if any is then in existence [*note that, because of the Final Decree and Order Closing Case entered Mar. 12, 2015 as Docket No. 148, there is no automatic stay applicable to the Judgment Debtor*]; (ii) the stay of enforcement is automatically terminated, without any other or further notice to Judgment Debtor; (iii) the monthly payment schedule is automatically cancelled and of no further force or effect; and (iv) Judgment Creditor may immediately seek to enforce the Judgment by any means permissible at law or equity for the enforcement of a money judgment, plus accrued interest, fees, and costs, but less the total amount of all payments actually received by Judgment Creditor before default.

8.   **INTEREST RATE.**  Pursuant to 28 U.S.C. 1961(a), the applicable interest rate for the Judgment is 0.11% per year.

9.   **CALCULATION OF BALANCE DUE.**  The correct amount of the Judgment balance due, as of the date of this declaration, was calculated using the online judgment interest and enforcement calculator located at http://postjudgmentinterest.com, applying the above-quoted statutory interest rate, as follows:

The judgment principal on 8/11/2014 was $225,000.00.

$75.95 interest accrued at 0.11% on the $225,000.00 principal for 112 days resulting in interest of $75.95, a principal of $225,000.00, and a total value of $225,075.95.

A payment of $4,000.00 was received during the time period of 08/12/2014 through 12/31/2014.
$75.95 of the payment was applied to interest.
$3,924.05 of the payment was applied to principal.
The accrued interest after the payment was $0.00
The principal after the payment was $221,075.95.
The total value after the payment was $221,075.95.

$80.62 interest accrued at 0.11% on the $221,075.95 principal for 121 days resulting in interest of $80.62, a principal of $221,075.95, and a total value of $221,156.57.

A payment of $4,000.00 was received during the time period of 01/01/2015 through 04/01/2015.
$80.62 of the payment was applied to interest.
$3,919.38 of the payment was applied to principal.
The accrued interest after the payment was $0.00
The principal after the payment was $217,156.57.
The total value after the payment was $217,156.57.

$86.39 interest accrued at 0.11% on the $217,156.57 principal for 132 days for a total of $86.39 in interest. Interest was compounded on 8/11/2015 resulting in interest of $0.00, a principal of $217,242.96, and a total value of $217,242.96.

$17.68 interest accrued at 0.11% on the $217,242.96 for 27 days resulting in interest of $17.68, a principal of $217,242.96, and a total value of $217,260.64.

Judgment value as of 9/7/2015: *$217,260.64.*

Territory: Federal (US)
Calculation method: Compound (fixed)
Statute of Limitations: 20 years
Applicable rule: 28 U.S.C. 1961(a)
<end>

10.    **BALANCE DUE.  As of the date of this declaration, September 7, 2015, and applying all credits and amounts actually paid, the following is due and owing pursuant to the Judgment:$217,260.64, plus interest, fees, and costs.**

*/ / /*

*/ / /*

4

1    I declare under penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3    Executed on this 7th day of September, 2015, at Los Angeles, California.

4

5    ___/s/  Adam L. Streltzer_____
     Adam L. Streltzer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

| From: | Adam Streltzer |
|---|---|
| To: | petermullinsrealestate@gmail.com |
| Cc: | Dishbak, Donna (donna@srhlawfirm.com); Kevin Simon (kevin@srhlawfirm.com); "Joseph P. Costa" (jcosta@cacllp.com); rlonergan@cacllp.com |
| Bcc: | rk2act <rk2act@aol.com> (rk2act@aol.com) |
| Subject: | MULLINS - NOTICE OF DEFAULT - Kolodziej v Mullins - 2-12-ap-02670 |
| Date: | Monday, May 11, 2015 3:51:00 PM |
| Attachments: | KOLODZIEJ-MULLINS ADV - 2-12-ap-02670-WB - NO 63 - Notice of Entry of Ju....pdf image001.png |

**NOTICE OF DEFAULT**
**(SUM OF $1,000.00 DUE ON OR BEFORE MAY 1, 2015)**

Dear Mr. Mullins:

Please be advised that you are in default of your obligations pursuant to the "Judgment Upon Stipulation" entered August 11, 2014 in the case of Kolodziej v. Mullins (In re Peter Mullins), USBC, CD Cal., adv. no. 2:12-ap-02670-WB. A courtesy copy of the judgment, and notice of entry thereof, is attached to this Email. An extract of the relevant provisions is presented at the bottom of this email.

The check in the amount of $1,000.00, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," was required to be received by my colleague Joseph Costa, Esq. (Costa, Abrams & Coate, LLP, 1221 Second Street, Third Floor, Santa Monica, California 90401, (310) 576-6161) on or before the end of the business day on Friday, May 1, 2015.

Unfortunately, no payment was received.

**You have seven (7) calendar days to cure this default. If Mr. Costa does not receive full payment or a check, in the amount of $1,000.00, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," by the close of the business day on Tuesday, May 19, 2015, then my client will have no choice but to exercise any available rights and remedies, including those rights and remedies permitted by the Judgment Upon Stipulation.**

Note that, as required by the terms of the Judgment Upon Stipulation, a copy of this email is being sent to attorneys Donna Dishbak and Kevin Simon, by email and fax.

Sincerely,

Adam L. Streltzer



ADAM L. STRELTZER, Attorney at Law
Telephone: (424) 652-8010   Assistant: (310) 684-3678   Fax: (424) 652-2296
Los Angeles office: 1875 Century Park East, Suite 700, Los Angeles, CA 90067
Culver City office: 400 Corporate Pointe, Suite 300, Culver City, CA 90230
adam@streltzer.com      www.streltzer.com

Any advice contained in this communication is not intended to be used nor can it be used for purposes: (1) avoiding tax penalties; or (2) promoting, marketing, or recommending to another party any transaction or matter addressed above.

NOTE: The information contained in this email may contain privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, then you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, then please notify us immediately by telephone at (424) 652-8010. Thank you.

---------------------------------------------------------------------

A.    Commencing September 1, 2014, the Defendant shall make the following payments to Plaintiff:

    i.    Year One (1): For the first twelve (12) months thereafter, the sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

D.    Time is of the essence in respect to all provisions hereof that specify a time for performance. If Plaintiff does not receive a payment set forth above, on or before its due date, then Plaintiff may deem Defendant to be in default and provide notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*, with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the amount of the payment then due. If Plaintiff does not receive such payment within seven (7) calendar days thereafter, then:

    (i)    Defendant is deemed to consent to the termination of the automatic stay of 11 U.S.C. §362, if any is then in existence;

    (ii)    The stay of enforcement set forth above in subparagraph (A) is automatically terminated, without any other or further notice to Defendant;

    (iii)    The payment schedule set forth above in subparagraph (A) is automatically cancelled and of no further force or effect; and

    (iv)    Plaintiff may immediately seek to enforce the Judgment by any means permissible at law or equity for the enforcement of a money judgment, plus accrued interest, fees, and costs, but less the total amount of all payments actually received by Plaintiff before default.

E.    No waiver of any breach, failure, right, or remedy shall be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver.

F.    All payments to be made pursuant hereto shall be in United States Dollars, and will be in the form of a check, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa, Esq., and delivered on or before the due date during normal business hours to 1221 Second Street,

Third Floor, Santa Monica, California 90401; (310) 576-6161.

-----------------------------------------------------------------------

# Exhibit B

| | |
|---|---|
| **From:** | NoReply@MyFax.com |
| **To:** | Adam Streltzer |
| **Subject:** | Successful transmission to 18187836253. Re: MULLINS - NOTICE OF DEFAULT |
| **Date:** | Monday, May 11, 2015 4:01:49 PM |

Dear Adam,

**Re: MULLINS - NOTICE OF DEFAULT**

The 9 page fax you sent through MyFax.com to 18187836253 was successfully transmitted at
2015-05-11 23:01:42 (GMT).

The length of transmission was 336 seconds

The receiving machine's fax ID: 818 285 0104

If you need assistance, please visit our online help center at http://www.myfax.com/support/.
Thank you for using the MyFax service.

Best Regards,
myFax.com

---

**Contact Customer Support**

**Hours:** 24 hours per day, 7 days a week.
**Email:** support@myfax.com

**North America**
Toll-Free: (866) 563-9212

**UK**
Free Phone: 0808 804 0015
International: (613) 260-6325

---

**Reference ID:**



© 2015. All rights reserved. MyFax is a registered trademark of j2 Cloud Services, Inc. and its affiliates.
Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.

ADAM L. STRELTZER
ATTORNEY AT LAW
                                        Facsimile:   (424) 652-2296
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
adam@streltzer.com
www.streltzer.com

# FACSIMILE TRANSMISSION

THIS TRANSMISSION AND THE ATTACHED DOCUMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT IF NECESSARY) SO WE MAY ARRANGE TO RETRIEVE THIS TRANSMISSION AT NO COST TO YOU.  THANK YOU.

**DATE:**        May 11, 2015

**TO:**          Kevin Simon                    **FAX NO.**  (818) 783-6253
                 Donna Dishbak
                 Simon Resnik Hayes LLP

**FROM:**        Adam L. Streltzer

**CLIENT/CASE:**  KOLODZIEJ v. MULLINS

**DOCUMENT:**    Notice of Default

**PAGES:**       9 (including cover page)

INSTRUCTIONS:

☐    URGENT - IMMEDIATE ATTENTION
☒    **For your information.**
☐    Per your request.
☐    Please comment.
☐    Please sign and return.
☐    Please review and call me to discuss.
☒    **Other:  Sent via Email this afternoon.**

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL (424) 652-8010 AS SOON AS POSSIBLE.
*NOTICE RE SERVICE:  THE SENDER'S USE OF FACSIMILE FOR THE TRANSMISSION OF THE ABOVE DOCUMENT SHALL NOT BE CONSTRUED AS CONSTITUTING SENDER'S CONSENT (OR THE CONSENT OF THIS LAW FIRM'S CLIENT) TO THE SERVICE OF COURT PAPERS BY FACSIMILE TRANSMISSION UNDER THE CALIFORNIA RULES OF COURT.*

| | |
|---|---|
| **From:** | Adam Streltzer |
| **To:** | petermullinsrealestate@gmail.com |
| **Cc:** | Dishbak, Donna (donna@srhlawfirm.com); Kevin Simon (kevin@srhlawfirm.com); "Joseph P. Costa" (jcosta@cacllp.com); rlonergan@cacllp.com |
| **Bcc:** | rk2act <rk2act@aol.com> (rk2act@aol.com) |
| **Subject:** | MULLINS - NOTICE OF DEFAULT - Kolodziej v Mullins - 2-12-ap-02670 |
| **Date:** | Monday, May 11, 2015 3:51:00 PM |
| **Attachments:** | KOLODZIEJ-MULLINS ADV - 2-12-ap-02670-WB - NO 63 - Notice of Entry of Ju....pdf  image001.png |

**NOTICE OF DEFAULT**
**(SUM OF $1,000.00 DUE ON OR BEFORE MAY 1, 2015)**

Dear Mr. Mullins:

Please be advised that you are in default of your obligations pursuant to the "Judgment Upon Stipulation" entered August 11, 2014 in the case of Kolodziej v. Mullins (In re Peter Mullins), USBC, CD Cal., adv. no. 2:12-ap-02670-WB. A courtesy copy of the judgment, and notice of entry thereof, is attached to this Email. An extract of the relevant provisions is presented at the bottom of this email.

The check in the amount of $1,000.00, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," was required to be received by my colleague Joseph Costa, Esq. (Costa, Abrams & Coate, LLP, 1221 Second Street, Third Floor, Santa Monica, California 90401, (310) 576-6161) on or before the end of the business day on Friday, May 1, 2015.

Unfortunately, no payment was received.

**You have seven (7) calendar days to cure this default. If Mr. Costa does not receive full payment or a check, in the amount of $1,000.00, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," by the close of the business day on Tuesday, May 19, 2015, then my client will have no choice but to exercise any available rights and remedies, including those rights and remedies permitted by the Judgment Upon Stipulation.**

Note that, as required by the terms of the Judgment Upon Stipulation, a copy of this email is being sent to attorneys Donna Dishbak and Kevin Simon, by email and fax.

Sincerely,

Adam L. Streltzer



ADAM L. STRELTZER, Attorney at Law

Telephone: (424) 652-8010   Assistant: (310) 684-3678   Fax: (424) 652-2296

Los Angeles office: 1875 Century Park East, Suite 700, Los Angeles, CA 90067

Culver City office: 400 Corporate Pointe, Suite 300, Culver City, CA 90230

adam@streltzer.com      www.streltzer.com

Any advice contained in this communication is not intended to be used nor can it be used for purposes: (1) avoiding tax penalties; or (2) promoting, marketing, or recommending to another party any transaction or matter addressed above.

NOTE: The information contained in this email may contain privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, then you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, then please notify us immediately by telephone at (424) 652-8010. Thank you.

------------------------------------------------------------------------

A.  Commencing September 1, 2014, the Defendant shall make the following payments to Plaintiff:

i.  Year One (1): For the first twelve (12) months thereafter, the sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

D.  Time is of the essence in respect to all provisions hereof that specify a time for performance. If Plaintiff does not receive a payment set forth above, on or before its due date, then Plaintiff may deem Defendant to be in default and provide notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*, with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the amount of the payment then due. If Plaintiff does not receive such payment within seven (7) calendar days thereafter, then:

(i)  Defendant is deemed to consent to the termination of the automatic stay of 11 U.S.C. §362, if any is then in existence;

(ii)  The stay of enforcement set forth above in subparagraph (A) is automatically terminated, without any other or further notice to Defendant;

(iii)  The payment schedule set forth above in subparagraph (A) is automatically cancelled and of no further force or effect; and

(iv)  Plaintiff may immediately seek to enforce the Judgment by any means permissible at law or equity for the enforcement of a money judgment, plus accrued interest, fees, and costs, but less the total amount of all payments actually received by Plaintiff before default.

E.  No waiver of any breach, failure, right, or remedy shall be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver.

F.  All payments to be made pursuant hereto shall be in United States Dollars, and will be in the form of a check, drawn on good funds, made payable to the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa, Esq., and delivered on or before the due date during normal business hours to 1221 Second Street,

Third Floor, Santa Monica, California 90401; (310) 576-6161.

----------------------------------------------------------------------

United States Bankruptcy Court
Central District of California

KOLODZIEJ,
        Plaintiff                                              Adv. Proc. No. 12-02670-WB

Mullins,
        Defendant

## CERTIFICATE OF NOTICE

District/off: 0973-2         User: admin              Page 1 of 1         Date Rcvd: Aug 11, 2014
                             Form ID: pdf031          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2014.
dft          +Peter D Mullins,     2520 5th St.,    Santa Monica, CA 90405-3704
pla          +RONALD KOLODZIEJ,    Niagara Construction,    4919 Beloit Ave.,    Culver City, CA 90230-5203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2014                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 11, 2014 at the address(es) listed below:
          Adam L Streltzer   on behalf of Plaintiff RONALD  KOLODZIEJ adam@streltzer.com
          Dana M Douglas    on behalf of Defendant Alex  Martinez dmddouglas@hotmail.com
          Kevin T Simon   on behalf of Defendant Peter D Mullins kevin@srhlawfirm.com,   ktsecf@gmail.com
          United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                    TOTAL: 4

Imaged Certificate of Notice    Page 18 of 5

1  ADAM L. STRELTZER, Attorney at Law
     California Bar Number 17505
2  1875 Century Park East, Suite 700
   Los Angeles, California 90067-2508
3  Tel: (424) 652-8010
   Fax: (424) 652-2296
4  Email: adam@strcltzcr.com

5  Attorney for Plaintiff RONALD
   KOLODZIEJ, an individual and doing
6  business as NIAGARA CONSTRUCTION

**FILED & ENTERED**

**AUG 11 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaauman DEPUTY CLERK

7

**CHANGES MADE BY COURT**

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    *LOS ANGELES DIVISION*

11

12  In re                              Case No. **2:12-bk-39952-WB**

13  PETER D. MULLINS,                  Chapter **11**
                                       (converted from Chapter 13)
14              Debtor.
                                       Adv. No. **2:12-ap-02670-WB**
15  _____

16  RONALD KOLODZIEJ, an individual
    and doing business as NIAGARA      **JUDGMENT UPON STIPULATION**
    CONSTRUCTION,
17
                 Plaintiff(s),         Hearing:
18                                     Date:   August 5, 2014
    v.                                 Time:   2:00 p.m.
19                                     Place:  Courtroom 1375
    PETER D. MULLINS, an individual,
20
                 Defendant(s).
21  _____

22        1.    IT IS HEREBY ORDERED THAT, pursuant to a Stipulation between

23  Defendant PETER D. MULLINS, an individual ("**Defendant**") and Plaintiff RONALD

24  KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION

25  ("**Plaintiff**") *(AP Docket No. 61)*, judgment is entered in favor of Plaintiff and against

26  Defendant as follows: that the judgment entered September 26, 2011, amended *nunc pro*

27  *tunc* May 14, 2012, by the Superior Court of the State of California, County of Los

28  Angeles, in favor of Plaintiff and against Defendant in the case entitled *Kolodziej v. Mullins*

                                       1

1 | *et al.*, case no. SC100345 ("**State Court Judgment**"), to the extent of and in the amount of
2 | two hundred and twenty-five thousand dollars ($225,000.00), shall be Plaintiff's damages in
3 | this adversary proceeding and shall constitute a nondischargeable obligation due and owing
4 | from Defendant to Plaintiff pursuant to 11 U.S.C. §§523(a) ("**Judgment**").

5 | 2.    Enforcement of the Judgment shall be stayed, however enforcement shall only
6 | be stayed subject to the following:

7 | A.    Commencing September 1, 2014, the Defendant shall make the
8 | following payments to Plaintiff:

9 | i.    Year One (1): For the first twelve (12) months thereafter, the
10 | sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff
11 | on or before the end of the business day on the first (1st) business day of each
12 | month;

13 | ii.    Year Two (2): For the twelve (12) months thereafter, the sum of
14 | two thousand dollars ($2,000.00) per month, to be received by Plaintiff on or
15 | before the end of the business day on the first (1st) business day of each
16 | month;

17 | iii.    Balloon Payment: The sum of twelve thousand five hundred
18 | dollars ($12,500.00), to be received by Plaintiff on or before the end of the
19 | business day on the first (1st) business day of the twenty-fifth (25th) month
20 | after confirmation;

21 | iv.    Year Three (3): For the twelve (12) months thereafter, the sum
22 | of $2,500.00) per month, to be received by Plaintiff on or before the end of
23 | the business day on the first (1st) business day of each month;

24 | v.    If Defendant confirms a Chapter 11 Plan entered in this within
25 | bankruptcy proceeding (2:12-bk-39952-WB), and on said condition only, then
26 | Defendant's Chapter 11 Plan shall treat Plaintiff as an unsecured claim, for
27 | which Plaintiff consents to such treatment, and Plaintiff shall be entitled to
28 | receive any and all payments made or to be made to Plaintiff as an unsecured

2

1    claimant from the disbursing agent ("**Plan Payments**"). Defendant's Chapter

2    11 Plan shall incorporate provisions that effectuate, or are not in conflict with,

3    this Stipulation and the Judgment to be entered hereon; and

4        vi.    Final payment: The sum of fifty-nine thousand dollars

5    ($59,000.00) (less the total amount of any and all Plan Payments actually

6    received by Plaintiff), to be received by Plaintiff on or before the end of the

7    business day on the first (1st) business day of the thirty-seventh (37th) month

8    after confirmation.

9        B.    If Plaintiff duly and timely receives all of the payments set forth above,

10   which totals the sum of one hundred thirty seven thousand and five hundred dollars

11   ($137,500.00), then Plaintiff shall satisfy the Judgment and forfeit any further Plan

12   Payments in excess thereof.

13       C.    Defendant shall have the right at any time and from time to time to

14   prepay the sums due and payable pursuant to this Stipulation, in whole or in part,

15   without premium or penalty;

16       D.    Time is of the essence in respect to all provisions hereof that specify a

17   time for performance. If Plaintiff does not receive a payment set forth above, on or

18   before its due date, then Plaintiff may deem Defendant to be in default and provide

19   notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*,

20   with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and

21   *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the

22   amount of the payment then due. If Plaintiff does not receive such payment within

23   seven (7) calendar days thereafter, then:

24       (i)    Defendant is deemed to consent to the termination of the

25   automatic stay of 11 U.S.C. §362, if any is then in existence;

26       (ii)    The stay of enforcement set forth above in subparagraph (A) is

27   automatically terminated, without any other or further notice to Defendant;

28       (iii)    The payment schedule set forth above in subparagraph (A) is

1   automatically cancelled and of no further force or effect; and

2   (iv)   Plaintiff may immediately seek to enforce the Judgment by any

3   means permissible at law or equity for the enforcement of a money judgment,

4   plus accrued interest, fees, and costs, but less the total amount of all payments

5   actually received by Plaintiff before default.

6   E.   No waiver of any breach, failure, right, or remedy shall be deemed a

7   waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall

8   any waiver constitute a continuing waiver.

9   F.   All payments to be made pursuant hereto shall be in United States

10   Dollars, and will be in the form of a check, drawn on good funds, made payable to

11   the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa,

12   Esq., and delivered on or before the due date during normal business hours to 1221

13   Second Street, Third Floor, Santa Monica, California 90401; (310) 576-6161.

14   3.   This Judgment shall earn simple interest accruing at the maximum rate as

15   provided by law from the date of entry hereon.

16   4.   Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs

17   incurred with respect to the enforcement of the Judgment and the State Court Judgment.

18   ###

19

20

21

22

23

24   Date: August 11, 2014

*Julia W Brand*

Julia W. Brand
United States Bankruptcy Judge

25

26

27

28

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1875 Century Park East, Suite 700, Los Angeles, California 90067

A true and correct copy of the foregoing document entitled (*specify*): ___ **DECLARATION OF ADAM L. STRELTZER RE: (1) JUDGMENT DEBTOR'S DEFAULT RE PAYMENT OF JUDGMENT; AND (2) CALCULATION OF POST-JUDGMENT INTEREST AND BALANCE DUE** ___

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/07/2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Adam L. Streltzer                     adam@streltzer.com
United States Trustee (LA)            ustpregion16.la.ecf@usdoj.gov
Kevin T. Simon                        kevin@srhlawfirm.com, ktsecf@gmail.com
Dana M. Douglas                       dmddouglas@hotmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **09/07/2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **09/07/2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Peter D. Mullins, 2633 Lincoln Blvd. #342, Santa Monica, CA 90405 (via U.S. Mail).

Hon. Julia W. Brand, United States Bankruptcy Court, 255 E. Temple St., Suite 1382, Los Angeles, CA, 90012 (personal delivery to Chambers in-box).

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/07/2015 | Adam L. Streltzer | /s/ Adam L. Streltzer |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.