Form B-1036 - (Rev. 02/10)                                                           1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, California Bar Number | For Court Use Only |
|---|---|
| ADAM L. STRELTZER, Attorney at Law<br> California Bar Number 175075<br>1875 Century Park East, Suite 700<br>Los Angeles, California 90067<br>Telephone: (424) 652-8010  FAX: (424) 652-2296<br>Email: adam@streltzer.com<br>Attorney for Judgment Creditor RONALD KOLODZIEJ, etc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>    PETER D. MULLINS,<br>                                    Debtor. | CASE NO.:    2:12-bk-39952-WB<br><br>ADVERSARY NO.:  2:12-ap-02670-WB |
|---|---|
| RONALD KOLODZIEJ, an individual and<br>doing business as NIAGARA CONSTRUCTION,<br>                                    Plaintiff(s),<br><br>            vs.<br><br>    PETER D. MULLINS, an individual,<br>                                    Defendant(s). | **WRIT OF EXECUTION** |

## TO THE UNITED STATES MARSHAL FOR THE CENTRAL DISTRICT OF CALIFORNIA:

YOU ARE DIRECTED to enforce the Judgment described below with interest and costs as provided by law.

On __August 11, 2014__, a judgment was entered in the above-entitled action in favor of

__RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION__

as **Judgment Creditor**, and against

__PETER D. MULLINS, an individual__

as **Judgment Debtor**, for:

| | | |
|---|---|---|
| $ | 225,000.00 | PRINCIPAL |
| $ | 0.00 | ATTORNEYS FEES |
| $ | 0.00 | INTEREST |
| $ | 0.00 | COSTS |
| $ | 225,000.00 | **TOTAL JUDGMENT AS ENTERED** |

**Form B-1036 - (Rev. 02/10)**                                    **1998 USBC, Central District of California**

Page 2 of 3

| In re | CASE NO.:  2:12-bk-39952-WB |
|-------|------------------------------|
| PETER D. MULLINS | ADVERSARY PROCEEDING NO.: |
| Debtor(s). | 2:12-ap-02670-WB |

The following are name(s) and address(es) of the judgment debtor(s) to whom a copy of this writ of execution must be mailed unless it was served at the time of the levy.  This information must be filled in by counsel requesting this writ.

PETER D. MULLINS
2633 Lincoln Blvd. #342
Santa Monica, CA 90405

Form B-1036 - (Rev. 02/10)                                    1998 USBC, Central District of California

Page 3 of 3

| In re<br><br>    PETER D. MULLINS<br><br>                                   Debtor(s). | CASE NO.:    2:12-bk-39952-WB<br><br>ADVERSARY PROCEEDING NO.:<br>    2:12-ap-02670-WB |
|---|---|

## NOTICE TO THE JUDGMENT DEBTOR:

You may be entitled to file a claim exempting your property from execution.  You may seek the advice of an attorney or may within ten (10) days after the date the notice of levy was served deliver a claim of exemption to the levying officer as provided in Sections 703.510-703.610 of the California Code of Civil Procedure.

According to an affidavit and/or memorandum of costs after judgment, it appears that further sums have accrued since the entry of judgment, to wit:

$ _____438.14_____ ACCRUED INTEREST

$ __6,017.50__ ACCRUED COSTS

$ __6,455.64__ **TOTAL**

Credit must be given for payments and partial satisfaction in the amount of $ _____8,000.00_____ which is to be credited against the total accrued costs and accrued interest, with any excess credited against the judgment as entered, leaving a net balance of:

$ __223,455.64__ ACTUALLY DUE on the date of the issuance of this writ, of which

$ __217,438.14__ is due on the judgement as entered, and bears interest at __0.11__ % per

annum in the amount of $ ___0.65___ per day, from the date of issuance of this writ, to which

must be added the commissions and costs of the officer executing this writ.

DATED: _June 7, 2016_

**KATHLEEN J. CAMPBELL**

**KATHLEEN J. CAMPBELL**
Clerk, United States Bankruptcy Court

By: _____
                              Deputy Clerk

COPY
COURTESY COPY

1   ADAM L. STRELTZER, Attorney at Law
        California Bar Number 17505
2   1875 Century Park East, Suite 700
    Los Angeles, California 90067-2508
3   Tel: (424) 652-8010
    Fax: (424) 652-2296
4   Email: adam@streltzer.com

5   Attorney for Plaintiff RONALD
    KOLODZIEJ, an individual and doing
6   business as NIAGARA CONSTRUCTION

```
┌─────────────────────────────┐
│      FILED & ENTERED        │
│   ┌─────────────────────┐   │
│   │    AUG 11 2014      │   │
│   └─────────────────────┘   │
│  CLERK U.S. BANKRUPTCY COURT │
│  Central District of California │
│  BY kaaumoarDEPUTY CLERK    │
└─────────────────────────────┘
```

7                                    CHANGES MADE BY COURT

8           UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                *LOS ANGELES DIVISION*

11

12   In re                          | Case No. **2:12-bk-39952-WB**

13   PETER D. MULLINS,              | Chapter **11**
                                    | (converted from Chapter 13)
14            Debtor.
                                    | Adv. No. **2:12-ap-02670-WB**
15   ─────────────────────────────

16   RONALD KOLODZIEJ, an individual | **JUDGMENT UPON STIPULATION**
    and doing business as NIAGARA
    CONSTRUCTION,
17
                                    | Hearing:
18            Plaintiff(s),         | Date:  August 5, 2014
                                    | Time:  2:00 p.m.
19   v.                             | Place:  Courtroom 1375

20   PETER D. MULLINS, an individual,

21            Defendant(s).

22        1.    IT IS HEREBY ORDERED THAT, pursuant to a Stipulation between

23   Defendant PETER D. MULLINS, an individual ("**Defendant**") and Plaintiff RONALD

24   KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION

25   ("**Plaintiff**") *(AP Docket No. 61)*, judgment is entered in favor of Plaintiff and against

26   Defendant as follows: that the judgment entered September 26, 2011, amended *nunc pro*

27   *tunc* May 14, 2012, by the Superior Court of the State of California, County of Los

28   Angeles, in favor of Plaintiff and against Defendant in the case entitled *Kolodziej v. Mullins*

1

*et al.*, case no. SC100345 ("**State Court Judgment**"), to the extent of and in the amount of two hundred and twenty-five thousand dollars ($225,000.00), shall be Plaintiff's damages in this adversary proceeding and shall constitute a nondischargeable obligation due and owing from Defendant to Plaintiff pursuant to 11 U.S.C. §§523(a) ("**Judgment**").

2.      Enforcement of the Judgment shall be stayed, however enforcement shall only be stayed subject to the following:

A.      Commencing September 1, 2014, the Defendant shall make the following payments to Plaintiff:

i.      Year One (1): For the first twelve (12) months thereafter, the sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

ii.     Year Two (2): For the twelve (12) months thereafter, the sum of two thousand dollars ($2,000.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

iii.    Balloon Payment: The sum of twelve thousand five hundred dollars ($12,500.00), to be received by Plaintiff on or before the end of the business day on the first (1st) business day of the twenty-fifth (25th) month after confirmation;

iv.     Year Three (3): For the twelve (12) months thereafter, the sum of $2,500.00) per month, to be received by Plaintiff on or before the end of the business day on the first (1st) business day of each month;

v.      If Defendant confirms a Chapter 11 Plan entered in this within bankruptcy proceeding (2:12-bk-39952-WB), and on said condition only, then Defendant's Chapter 11 Plan shall treat Plaintiff as an unsecured claim, for which Plaintiff consents to such treatment, and Plaintiff shall be entitled to receive any and all payments made or to be made to Plaintiff as an unsecured

2

1    claimant from the disbursing agent ("**Plan Payments**"). Defendant's Chapter

2    11 Plan shall incorporate provisions that effectuate, or are not in conflict with,

3    this Stipulation and the Judgment to be entered hereon; and

4    vi.    Final payment: The sum of fifty-nine thousand dollars

5    ($59,000.00) (less the total amount of any and all Plan Payments actually

6    received by Plaintiff), to be received by Plaintiff on or before the end of the

7    business day on the first (1st) business day of the thirty-seventh (37th) month

8    after confirmation.

9    B.    If Plaintiff duly and timely receives all of the payments set forth above,

10    which totals the sum of one hundred thirty seven thousand and five hundred dollars

11    ($137,500.00), then Plaintiff shall satisfy the Judgment and forfeit any further Plan

12    Payments in excess thereof.

13    C.    Defendant shall have the right at any time and from time to time to

14    prepay the sums due and payable pursuant to this Stipulation, in whole or in part,

15    without premium or penalty;

16    D.    Time is of the essence in respect to all provisions hereof that specify a

17    time for performance. If Plaintiff does not receive a payment set forth above, on or

18    before its due date, then Plaintiff may deem Defendant to be in default and provide

19    notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*,

20    with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and

21    *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the

22    amount of the payment then due. If Plaintiff does not receive such payment within

23    seven (7) calendar days thereafter, then:

24    (i)    Defendant is deemed to consent to the termination of the

25    automatic stay of 11 U.S.C. §362, if any is then in existence;

26    (ii)    The stay of enforcement set forth above in subparagraph (A) is

27    automatically terminated, without any other or further notice to Defendant;

28    (iii)    The payment schedule set forth above in subparagraph (A) is

1    automatically cancelled and of no further force or effect; and

2    (iv)    Plaintiff may immediately seek to enforce the Judgment by any

3    means permissible at law or equity for the enforcement of a money judgment,

4    plus accrued interest, fees, and costs, but less the total amount of all payments

5    actually received by Plaintiff before default.

6    E.    No waiver of any breach, failure, right, or remedy shall be deemed a

7    waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall

8    any waiver constitute a continuing waiver.

9    F.    All payments to be made pursuant hereto shall be in United States

10    Dollars, and will be in the form of a check, drawn on good funds, made payable to

11    the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa,

12    Esq., and delivered on or before the due date during normal business hours to 1221

13    Second Street, Third Floor, Santa Monica, California 90401; (310) 576-6161.

14    3.    This Judgment shall earn simple interest accruing at the maximum rate as

15    provided by law from the date of entry hereon.

16    4.    Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs

17    incurred with respect to the enforcement of the Judgment and the State Court Judgment.

18

19    ###

20

21

22

23

24    Date: August 11, 2014

                                  _Julia W Brand_
                                  Julia W. Brand
                                  United States Bankruptcy Judge

25

26

27

28