ADAM L. STRELTZER, Attorney at Law
   California Bar Number 175075
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
Tel: (424) 652-8010
Fax: (424) 652-2296
Email: adam@streltzer.com

Attorney for Judgment Creditor RONALD
KOLODZIEJ, an individual and doing
business as NIAGARA CONSTRUCTION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. **2:12-bk-39952-WB** |
| PETER D. MULLINS, | Chapter **11** |
|           Debtor. | Adv. No. **2:12-ap-02670-WB** |
| RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION, | **MOTION FOR ORDER ASSIGNING JUDGMENT DEBTOR'S RIGHT TO PAYMENTS AND ORDER RESTRAINING JUDGMENT DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ADAM L. STRELTZER** |
|           Plaintiff(s), | [F.R.B.P. Rule 7069; F.R.C.P. Rule 69(a)(1); Cal. Code of Civ. Proc. §§708.510 & 708.520] |
| v. | |
| PETER D. MULLINS, an individual, | Hearing: |
|           Defendant(s). | Date:   September 29, 2016<br>Time:  10:00 a.m.<br>Place:  Courtroom 1375<br>       255 E. Temple St.<br>       Los Angeles, California |
| | Judgment Entered:   August 11, 2014 |

**TO THE HON. JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE,**

**AND TO THE JUDGMENT DEBTOR PETER D. MULLINS, AN INDIVIDUAL:**

     Judgment Creditor and moving party RONALD KOLODZIEJ, an individual and doing

business as NIAGARA CONSTRUCTION ("**Judgment Creditor**"), pursuant to F.R.B.P.

1

1    Rule 7069, F.R.C.P. Rule 69(a)(1), and California Code of Civil Procedure (Cal. Code of Civ.

2    Proc.) §§708.510 & 708.520, hereby moves this Court for the following Orders:

3        1.    For an Order assigning the rights of Judgment Debtor PETER D. MULLINS, an

4    individual ("**Judgment Debtor**"), to payment of monies due or to become due from:

5            (a)    Seller/Owner of that certain residential real property located at 435 Pier

6    Ave., Santa Monica, California 90405 (APN 4287-026-011) and currently marketed for

7    sale as Multiple Listing Service ("**MLS**") identification no. 16-126042;

8            (b)    Seller/Owner of that certain residential real property located at 2817

9    Third St., Santa Monica, California 90405 (APN 4287-022-014) and currently

10    marketed for sale as MLS identification no. 16-100550;

11            (c)    AP Real Estate;

12            (d)    Peter Mullins Properties;

13            (e)    Peter Mullins Real Estate, Inc.; and

14            (f)    St Onge Mullins Properties Inc.;

15    for salesperson and/or broker commissions, fees, consulting fees, advances, reimbursement to

16    expense accounts, bonuses, sales bonuses, royalty bonuses, and all other types of related

17    payments (other than wages).

18        2.    An Order restraining Judgment Debtor, and any servant, agent, employee,

19    representative, attorney, or any person(s) in active concert and participating with the

20    Judgment Debtor, should be restrained and enjoined from encumbering, assigning, selling,

21    transferring, disposing, dividing, or licensing Judgment Debtor's above-described rights to

22    payment sought to be assigned prior to the satisfaction of Judgment Creditor's judgment.

23        A stipulated money judgment in the amount of $225,000 was entered by this Court on

24    August 11, 2014 in favor of Judgment Creditor and against Judgment Debtor ("**Judgment**")

25    [Docket No. 62] [**Exhibit A**]. The Judgment Debtor subsequently defaulted on payment, the

26    stay of enforcement expired, and this Court issued a Writ of Execution on June 7, 2016 for

27    the enforcement of the balance due, in the amount of $223,455.64 plus $0.65 per day interest

28    thereafter [Docket No. 69] [**Exhibit B**]. The Judgment remains due and outstanding.

1    This motion for an assignment order and restraining order is made on the grounds that

2    the Judgment Creditor has an enforceable and unsatisfied judgment entered against the

3    Judgment Debtor, which has become final and for which there is no stay on enforcement, the

4    Judgment Debtor has the above-described rights to payment which are assignable in

5    satisfaction of the Judgment, the Judgment Debtor's rights to payment are property from

6    which the Judgment may be satisfied, and there is a need to restrain the Judgment Debtor so

7    that such payments will be available to be applied to the Judgment and these ongoing

8    judgment enforcement efforts will not be hindered. This motion should be granted and the

9    Judgment Debtor's above-described rights to payment should be assigned to the Judgment

10    Creditor, absolutely and outright, to the extent necessary to pay the Judgment in full,

11    including all costs, fees, and interest accrued through the date of payment.

12    This motion is based upon this Notice, the Memorandum of Points and Authorities, the

13    pleadings, records, and files in this action, the attached Declaration of Adam L. Streltzer, and

14    such oral and other documentary evidence and argument that may be presented at the hearing

15    of this Motion.

16    Respectfully submitted.

17    DATED:  September 1, 2016          ADAM L. STRELTZER, Attorney at Law

18

19                                                   By:    ___/s/  Adam L. Streltzer____

20                                                          Adam L. Streltzer
                                                           Attorney for Judgment Creditor RONALD
21                                                          KOLODZIEJ, an individual and doing
                                                           business as NIAGARA CONSTRUCTION

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4

This case concerns a judgment debtor who, for almost 2 years, has failed to pay his

5 judgment creditor the amounts due and owing on an agreed-upon judgment, and the judgment

6 creditor's attempt to collect that balance due.

7

A stipulated money judgment in the amount of $225,000 was entered by this Court on

8 August 11, 2014 ("**Judgment**") [Docket No. 62] [**Exhibit A**]. The Judgment was entered in

9 favor of Judgment Creditor and moving party RONALD KOLODZIEJ, an individual and

10 doing business as NIAGARA CONSTRUCTION ("**Judgment Creditor**") and against

11 Judgment Debtor PETER D. MULLINS, an individual ("**Judgment Debtor**"). The Judgment

12 Debtor subsequently defaulted on payment, the stay of enforcement expired, and this Court

13 issued a Writ of Execution thereupon on June 7, 2016 for the enforcement of the balance due,

14 in the amount of $223,455.64 plus $0.65 per day interest thereafter [Docket No. 69] [**Exhibit**

15 **B**]. The Judgment remains due and outstanding.

16

Here the Judgment Creditor has an enforceable and unsatisfied judgment entered

17 against the Judgment Debtor, which has become final and for which there is no stay on

18 enforcement, the Judgment Debtor has certain rights to payment which are assignable in

19 satisfaction of the Judgment, the Judgment Debtor's rights to payment are property from

20 which the Judgment may be satisfied, and there is a need to restrain the Judgment Debtor so

21 that such payments will be available to be applied to the Judgment and these ongoing

22 judgment enforcement efforts will not be hindered. This motion should be granted.

23

### II.

24

### JUDGMENT DEBTOR'S RIGHTS TO PAYMENT

25

The Judgment Debtor is a real estate broker, licensed by the California Department of

26 Real Estate ("**DRE**") as number 00973691 (currently "active"), and doing business as "AP

27 Real Estate" and formerly doing business as licensed officer of "Peter Mullins Real Estate,

28 Inc." and "St Onge Mullins Properties Inc." [**Exhibit C**]

Judgment Creditor has recently determined that the Judgment Debtor is actively marketing, under his DRE license and the business name of "Peter Mullins Properties," and utilizing the website at *www.petermullinsproperty.com*, at least two (2) residential real properties in the County of Los Angeles and may soon earn the right to collect a commission and/or earn fees (not wages) from the owners/sellers of those properties. [**Exhibit D**] The first property is 435 Pier Ave., Santa Monica, California 90405 (APN 4287-026-011), listed for sale as Multiple Listing Service ("**MLS**") #16-126042 at the price of $2,195,000.00. [**Exhibit E**] The second property is 2817 Third St., Santa Monica, California 90405 (APN 4287-022-014), listed for sale as MLS #16-100550 at the price of $3,599,000.00. [**Exhibit F**].

Assuming Judgment Debtor earns the right to a typical salesperson and/or broker commissions and fees of between 4% to 6%, then the Judgment Debtor has or will soon have a right to payment of commissions or other payments in between the estimated amounts of $231,760.00 and $347,640.00. This amount is sufficient to satisfy most or all of the outstanding balance due of the Judgment.

## III.

## THE COURT IS AUTHORIZED TO ENTER ORDERS ASSIGNING A JUDGMENT DEBTOR'S RIGHTS TO PAYMENT TOWARDS SATISFACTION OF AN OUTSTANDING JUDGMENT ("ASSIGNMENT ORDER")

### A.    Federal Rules

Pursuant to Federal Rule of Civil Procedure (F.R.C.P.) Rule 69(a)(1), as incorporated by Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7069, a "money judgment is enforced by a writ of execution, unless the court directs otherwise [and the] procedure on execution—and in *proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies." F.R.C.P. Rule 69(a)(1) (italics added). The effect of F.R.B.P. Rule 7069 and F.R.C.P. Rule 69 is to incorporate the law of the state of the forum to determine the availability and procedures for enforcement of judgment. Here the forum is a district within the State of California, and so California's enforcement of judgment laws would apply.

1    Pursuant thereto, California's enforcement of judgment law, particularly the

2  "assignment order" provisions of Cal. Code of Civ. Proc. §§708.510 & 708.520, may be used

3  to reach a judgment debtor's present and future income or rights to payment. See *Peterson v.*

4  *Islamic Republic of Iran*, 627 F.3d 1117, 1130-1131 (9th Cir. 2010) (The court "may order

5  the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment

6  due or to become due, whether or not the right is conditioned on future developments. . .."). 

7  See *In re Rollins*, 175 B.R. 69, 76-77 n.5 (Bankr. E.D. Cal. 1994).

8    **B.    State Procedures**

9    An assignment order is a court order which assigns to a judgment creditor a judgment

10  debtor's rights to payment due or to become due from a third party, regardless of whether

11  such rights are uncertain, conditional, or contingent. Cal. Code of Civ. Proc. §708.510 et seq.

12  Courts have broad discretion in determining whether to order assignment. Cal. Code of Civ.

13  Proc. §708.510(c). Note an assignment order as contemplated by Cal. Code of Civ. Proc.

14  §708.510 et seq. actually "*assigns a right to payment outright* (not simply an order directing

15  the judgment debtor to do so)." Ahart, Cal. Prac. Guide: Enforcing Judgments and Debts (The

16  Rutter Group), ¶6:1422.5 (italics in original). Accord *Specialty Labs. Inc. v. Advanced*

17  *Biomedical, Inc. (In re Advanced Biomedical, Inc.)*, 547 B.R. 337, 341-342 (Bankr. C.D.

18  Cal., Mar. 22, 2016) (there is no defect in assigning rights to payment outright).

19    This procedure allows a judgment creditor to reach certain forms of property that

20  cannot ordinarily be reached by levy under a writ of execution. More importantly, it provides

21  an optional procedure for reaching assignable forms of property that are subject to levy but as

22  to which the creditor might face difficulty in actually reaching by levy. The assignment order

23  remedy may be used by alone, or it may be used in conjunction with any other remedy

24  provided in California's Enforcement of Judgments Law. See Legislative Committee

25  Comment to Cal. Code of Civ. Proc. §708.510 (first paragraph). [**Exhibit G**]

26    All property of a judgment debtor is subject to enforcement of a money judgment. Cal.

27  Code of Civ. Proc. §695.010(a). All or part of any right to payment due, or to become due,

28  may be ordered assigned, including a judgment debtor's right to receive future commissions

6

1   and any other payment right not expressly excluded by other law. Cal. Code of Civ. Proc.

2   §708.510(a). Consequently this Court may issue an order directly assigning to a judgment

3   creditor all or part of a judgment debtor's right to payment due or to become due. Although

4   the Court may take into consideration all relevant factors, the sole constraints are the right to

5   payment be assigned only to the extent necessary to satisfy the creditor's money judgment

6   and that, where any part of the payment are exempt, the amount of the payments assigned

7   should not exceed the difference between the gross amount of the payments and the exempt

8   amount. See Cal. Code of Civ. Proc. §§708.510(c), (d), (e), and (f).

9       **C.**   **Request for Assignment Order**

10      Judgment Creditors requests that this Court enter an Order assigning the Judgment

11   Debtor's rights to payment of monies due or to become due from:

12         (a)   Seller/Owner of that certain residential real property located at 435 Pier

13         Ave., Santa Monica, California 90405 (APN 4287-026-011) and currently marketed for

14         sale as MLS #16-126042;

15         (b)   Seller/Owner of that certain residential real property located at 2817

16         Third St., Santa Monica, California 90405 (APN 4287-022-014) and currently

17         marketed for sale as MLS #16-100550;

18         (c)   AP Real Estate;

19         (d)   Peter Mullins Properties;

20         (e)   Peter Mullins Real Estate, Inc.; and

21         (f)   St Onge Mullins Properties Inc.;

22   for salesperson and/or broker commissions, fees, consulting fees, advances, reimbursement to

23   expense accounts, bonuses, sales bonuses, royalty bonuses, and all other types of related

24   payments (other than wages).

25      The Judgment Debtors' above-described rights to payment are properly subject to an

26   assignment order, likely in an amount sufficient to satisfy most or all of the outstanding

27   balance due of the Judgment, and therefore this motion should be granted and said rights to

28   payment assigned to the Judgment Creditor.

## IV.

### INJUNCTIVE RELIEF

A judgment creditor may, concurrently with moving for an assignment order, apply for an order restraining the judgment debtor from assigning, disposing of, or encumbering the right to payment sought to be assigned. Cal. Code of Civ. Proc. §708.520(a). Such a restraining order may be issued solely upon the showing of need. Code of Civ. Proc. §708.520(b). Such a showing of need is set forth herein. [See Declaration of Adam L. Streltzer, p. 12, ¶11] Importantly, this is not a request for a temporary restraining order or preliminary injunction, but simply for regular injunctive relief upon regular notice. See F.R.B.P. Rule 7065 (injunctive relief available in adversary proceedings).

As a consequence, the Judgment Debtor, and any servant, agent, employee, representative, attorney, or any person(s) in active concert and participating with the Judgment Debtor, should be restrained and enjoined from encumbering, assigning, selling, transferring, disposing, dividing, or licensing Judgment Debtor's rights to payment described above, so that such will be available to be applied to the Judgment and these ongoing judgment enforcement efforts will not be hindered.

## V.

### EXEMPTIONS (IF ANY)

Judgment Debtor may have exemptions to shelter some of the rights to payment sought for assignment by way of this motion. If so, Judgment Debtor may choose to claim any available exemption in response to this motion, in compliance with otherwise applicable rule and law. See Cal. Code of Civ. Proc. §708.550(a) (procedures for a judgment debtor to claim that all of, or part of, a right to payment is exempt from enforcement).

## VI.

### SERVICE--NOTICE OF MOTION

Notice of the motion for assignment of rights to payment is only required to be given to the judgment debtor, either "personally or by mail." Cal. Code of Civ. Proc. §708.510(b). The person or persons obligated to make payment to the Judgment Debtor, or who will

1    become obligated, is or are not affected by the Court's assignment order until thereafter

2    served with the Court's order. See Cal. Code of Civ. Proc. §708.540.

3                                            **VII.**

4                                     **CONCLUSION**

5              This motion should be granted for the reasons set forth herein.

6              Pursuant to F.R.B.P. Rule 7069, F.R.C.P. Rule 69(a)(1), and Cal. Code of Civ.

7    §§708.510, this Court should order the absolute and outright assignment to Judgment

8    Creditor of Judgment Debtor's right to salesperson and/or broker commissions, fees,

9    consulting fees, advances, reimbursement to expense accounts, bonuses, sales bonuses,

10   royalty bonuses, and all other types of related payments (other than wages) due or to become

11   due from the sale of the residential real property at 435 Pier Ave. and/or 2817 Third St., Santa

12   Monica, California, directly or indirectly through AP Real Estate, Peter Mullins Properties,

13   Peter Mullins Real Estate, Inc., and/or St Onge Mullins Properties Inc., to the extent

14   necessary to pay the Judgment in full, including all costs, fees, and interest accrued through

15   the date of payment.

16            Further, pursuant to F.R.B.P. Rule 7069, F.R.C.P. Rule 69(a)(1), and Cal. Code of Civ.

17   Proc. §708.520, this Court should restrain and enjoin the Judgment Debtor, and any servant,

18   agent, employee, representative, attorney, or any person(s) in active concert and participating

19   with the Judgment Debtor, from encumbering, assigning, selling, transferring, disposing,

20   dividing, or licensing Judgment Debtor's above-described rights to payment due or to become

21   due thereunder.

22            Respectfully submitted.

23   DATED:  September 1, 2016              ADAM L. STRELTZER, Attorney at Law

24

25                                          By:  _____/s/ Adam L. Streltzer_____
                                                 Adam L. Streltzer
26                                               Attorney for Judgment Creditor RONALD
                                                 KOLODZIEJ, an individual and doing
27                                               business as NIAGARA CONSTRUCTION

28

                                              9

## REQUEST FOR JUDICIAL NOTICE

RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION ("**Judgment Creditor**") hereby requests that this Court take judicial notice of the following matters:

1. Judgment entered in this proceeding in favor of Judgment Creditor and against Judgment Debtor PETER D. MULLINS, an individual ("**Judgment Debtor**"), on August 11, 2014 [Docket No. 62] [**Exhibit A**] ("**Judgment**");

2. Writ of Execution issued in this proceeding June 7, 2016 for the enforcement of the balance due of the Judgment, in the amount of $223,455.64 plus $0.65 per day interest thereafter [Docket No. 69] [**Exhibit B**];

3. Entry in the official public records of the State of California, Department of Real Estate ("**DRE**") for Judgment Debtor (Peter D. Mullins), license number 00973691 (currently "active"), doing business as "AP Real Estate," and formerly doing business as licensed officer of "Peter Mullins Real Estate, Inc." and "St Onge Mullins Properties Inc." [**Exhibit C**]; and

4. The law of the State of California enacted as Cal. Code of Civ. Proc. §§695.010, 708.510, 708.520, 708.530, 708.540, and 708.550 [**Exhibit G**].

Respectfully submitted.

DATED:  September 1, 2016             ADAM L. STRELTZER, Attorney at Law


                                     By: _____/s/  Adam L. Streltzer_____
                                         Adam L. Streltzer
                                         Attorney for Judgment Creditor RONALD
                                         KOLODZIEJ, an individual and doing
                                         business as NIAGARA CONSTRUCTION

### DECLARATION OF ADAM L. STRELTZER

I, ADAM L. STRELTZER, hereby state and declare:

1.      I am an attorney at law duly admitted to practice before all of the courts of the State of California, and I am the attorney of record for Judgment Creditor and moving party RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION ("**Judgment Creditor**").

2.      I have personal knowledge of the matters set forth in this declaration, and I would and could competently testify thereto if I were called upon to do so.

3.      A stipulated money judgment in the amount of $225,000 was entered by this Court on August 11, 2014 ("**Judgment**") in favor of Judgment Creditor and against Judgment Debtor PETER D. MULLINS, an individual ("**Judgment Debtor**") [Docket No. 62]. A true and correct copy of the Judgment is attached as **Exhibit A** and incorporated hereat.

4.      The Judgment Debtor subsequently defaulted on payment, the stay of enforcement expired, and this Court issued a Writ of Execution thereupon on June 7, 2016 for the enforcement of the balance due, in the amount of $223,455.64 plus $0.65 per day interest thereafter [Docket No. 69]. A true and correct copy of the Writ of Execution is attached as **Exhibit B** and incorporated hereat.

5.      The Judgment remains due and outstanding. As of the date of this declaration, $223,511.54 is due for principal and interest, plus additional amounts for attorneys' fees

6.      The Judgment Debtor is a real estate broker, licensed by the State of California, Department of Real Estate ("**DRE**"), as license number 00973691 (currently "active"), doing business as "AP Real Estate," and formerly doing business as licensed officer of "Peter Mullins Real Estate, Inc." and "St Onge Mullins Properties Inc." A true and correct copy of the entry in the official records of the DRE, concerning the Judgment Debtor, as accessed by me on September 1, 2016 at *http://www2.dre.ca.gov/PublicASP/pplinfo.asp*, is attached as **Exhibit C** and incorporated hereat.

7.      I recently determined that the Judgment Debtor is actively marketing, under his DRE license and the business name of "Peter Mullins Properties," and also utilizing the

website located at *http://www.petermullinsproperty.com*, at least two (2) residential real properties in the County of Los Angeles and may soon earn the right to collect a commission and/or earn fees (not wages) from the owners/sellers of those properties. A true and correct copy of the Judgment Debtor's public website showing the properties for sale is attached as **Exhibit D** and incorporated hereat.

8.    The first property is 435 Pier Ave., Santa Monica, California 90405 (APN 4287-026-011), listed for sale as Multiple Listing Service ("**MLS**") #16-126042 at the price of $2,195,000.00. A true and correct copy of the public MLS listing is attached as **Exhibit E** and incorporated hereat.

9.    The second property is 2817 Third St., Santa Monica, California 90405 (APN 4287-022-014), listed for sale as MLS #16-100550 at the price of $3,599,000.00. A true and correct copy of the public MLS listing is attached as **Exhibit F** and incorporated hereat.

10.    Assuming Judgment Debtor earns the right to a typical salesperson and/or broker commissions and fees of between 4% to 6%, then the Judgment Debtor has or will soon have a right to payment of commissions or other payments in between the estimated amounts of $231,760.00 and $347,640.00. This amount is sufficient to satisfy most or all of the outstanding balance due of the Judgment.

11.    I have been enforcing the underlying state court judgment entered against the Judgment Debtor for many years, as well as attempting to enforce the Judgment entered in this case. It is difficult, if not impossible, to find any assets of the Judgment Debtor available to apply towards satisfaction of judgment, and it is exceptionally difficult to find him and have him personally served. His promises to pay are clearly meaningless. Most of the efforts to investigate assets and try to collect upon this Judgment have not yet resulted in any satisfaction. The discovery of these real property listings, despite his DRE license suspension, is one of the first big breaks in many years. Judgment Creditor has a need for an order restraining the Judgment Debtor from assigning, disposing of, or encumbering the payment rights sought to be assigned because, without this Court's entry of orders as prayed, it is likely that Judgment Debtor will transfer his payment rights or simply disappear again.

12.    This motion should be granted for the reasons set forth herein, such that this Court orders the absolute and outright assignment to Judgment Creditor of Judgment Debtor's right to salesperson and/or broker commissions, fees, consulting fees, advances, reimbursement to expense accounts, bonuses, sales bonuses, royalty bonuses, and all other types of related payments (other than wages) due or to become due from the sale of the residential real property at 435 Pier Ave. and/or 2817 Third St., Santa Monica, California, directly or indirectly through AP Real Estate, Peter Mullins Properties, Peter Mullins Real Estate, Inc., and/or St Onge Mullins Properties Inc., to the extent necessary to pay the Judgment in full, including all costs, fees, and interest accrued through the date of payment. Further, this Court should restrain and enjoin the Judgment Debtor, and any servant, agent, employee, representative, attorney, or any person(s) in active concert and participating with the Judgment Debtor, from encumbering, assigning, selling, transferring, disposing, dividing, or licensing Judgment Debtor's above-described rights to payment due or to become due thereunder.

Executed on September 1, 2016, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.


        /s/  Adam L. Streltzer
        Adam L. Streltzer

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

1   ADAM L. STRELTZER, Attorney at Law
       California Bar Number 17505
2   1875 Century Park East, Suite 700
    Los Angeles, California 90067-2508
3   Tel: (424) 652-8010
    Fax: (424) 652-2296
4   Email: adam@streltzer.com

5   Attorney for Plaintiff RONALD
    KOLODZIEJ, an individual and doing
6   business as NIAGARA CONSTRUCTION

**FILED & ENTERED**

**AUG 11 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

7

8                    CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  *LOS ANGELES DIVISION*

11

12   In re                               Case No. **2:12-bk-39952-WB**

13   PETER D. MULLINS,                   Chapter **11**
                                         (converted from Chapter 13)
14             Debtor.
                                         Adv. No. **2:12-ap-02670-WB**
15   ─────────────────────────────
16   RONALD KOLODZIEJ, an individual     **JUDGMENT UPON STIPULATION**
     and doing business as NIAGARA
17   CONSTRUCTION,
                                         Hearing:
18             Plaintiff(s),             Date:   August 5, 2014
                                         Time:   2:00 p.m.
19   v.                                  Place:  Courtroom 1375

20   PETER D. MULLINS, an individual,

21             Defendant(s).
     ─────────────────────────────

22       1.    IT IS HEREBY ORDERED THAT, pursuant to a Stipulation between

23   Defendant PETER D. MULLINS, an individual ("**Defendant**") and Plaintiff RONALD

24   KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION

25   ("**Plaintiff**") *(AP Docket No. 61)*, judgment is entered in favor of Plaintiff and against

26   Defendant as follows: that the judgment entered September 26, 2011, amended *nunc pro*

27   *tunc* May 14, 2012, by the Superior Court of the State of California, County of Los

28   Angeles, in favor of Plaintiff and against Defendant in the case entitled *Kolodziej v. Mullins*

1    *et al.*, case no. SC100345 ("**State Court Judgment**"), to the extent of and in the amount of

2    two hundred and twenty-five thousand dollars ($225,000.00), shall be Plaintiff's damages in

3    this adversary proceeding and shall constitute a nondischargeable obligation due and owing

4    from Defendant to Plaintiff pursuant to 11 U.S.C. §§523(a) ("**Judgment**").

5        2.        Enforcement of the Judgment shall be stayed, however enforcement shall only

6    be stayed subject to the following:

7            A.        Commencing September 1, 2014, the Defendant shall make the

8        following payments to Plaintiff:

9                i.        Year One (1): For the first twelve (12) months thereafter, the

10            sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff

11            on or before the end of the business day on the first (1st) business day of each

12            month;

13                ii.        Year Two (2): For the twelve (12) months thereafter, the sum of

14            two thousand dollars ($2,000.00) per month, to be received by Plaintiff on or

15            before the end of the business day on the first (1st) business day of each

16            month;

17                iii.        Balloon Payment: The sum of twelve thousand five hundred

18            dollars ($12,500.00), to be received by Plaintiff on or before the end of the

19            business day on the first (1st) business day of the twenty-fifth (25th) month

20            after confirmation;

21                iv.        Year Three (3): For the twelve (12) months thereafter, the sum

22            of $2,500.00) per month, to be received by Plaintiff on or before the end of

23            the business day on the first (1st) business day of each month;

24                v.        If Defendant confirms a Chapter 11 Plan entered in this within

25            bankruptcy proceeding (2:12-bk-39952-WB), and on said condition only, then

26            Defendant's Chapter 11 Plan shall treat Plaintiff as an unsecured claim, for

27            which Plaintiff consents to such treatment, and Plaintiff shall be entitled to

28            receive any and all payments made or to be made to Plaintiff as an unsecured

claimant from the disbursing agent ("**Plan Payments**"). Defendant's Chapter 11 Plan shall incorporate provisions that effectuate, or are not in conflict with, this Stipulation and the Judgment to be entered hereon; and

      vi.    Final payment: The sum of fifty-nine thousand dollars ($59,000.00) (less the total amount of any and all Plan Payments actually received by Plaintiff), to be received by Plaintiff on or before the end of the business day on the first (1st) business day of the thirty-seventh (37th) month after confirmation.

B.    If Plaintiff duly and timely receives all of the payments set forth above, which totals the sum of one hundred thirty seven thousand and five hundred dollars ($137,500.00), then Plaintiff shall satisfy the Judgment and forfeit any further Plan Payments in excess thereof.

C.    Defendant shall have the right at any time and from time to time to prepay the sums due and payable pursuant to this Stipulation, in whole or in part, without premium or penalty;

D.    Time is of the essence in respect to all provisions hereof that specify a time for performance. If Plaintiff does not receive a payment set forth above, on or before its due date, then Plaintiff may deem Defendant to be in default and provide notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*, with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the amount of the payment then due. If Plaintiff does not receive such payment within seven (7) calendar days thereafter, then:

      (i)    Defendant is deemed to consent to the termination of the automatic stay of 11 U.S.C. §362, if any is then in existence;

      (ii)    The stay of enforcement set forth above in subparagraph (A) is automatically terminated, without any other or further notice to Defendant;

      (iii)    The payment schedule set forth above in subparagraph (A) is

1    automatically cancelled and of no further force or effect; and

2        (iv)    Plaintiff may immediately seek to enforce the Judgment by any

3    means permissible at law or equity for the enforcement of a money judgment,

4    plus accrued interest, fees, and costs, but less the total amount of all payments

5    actually received by Plaintiff before default.

6    E.    No waiver of any breach, failure, right, or remedy shall be deemed a

7    waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall

8    any waiver constitute a continuing waiver.

9    F.    All payments to be made pursuant hereto shall be in United States

10    Dollars, and will be in the form of a check, drawn on good funds, made payable to

11    the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa,

12    Esq., and delivered on or before the due date during normal business hours to 1221

13    Second Street, Third Floor, Santa Monica, California 90401; (310) 576-6161.

14    3.    This Judgment shall earn simple interest accruing at the maximum rate as

15    provided by law from the date of entry hereon.

16    4.    Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs

17    incurred with respect to the enforcement of the Judgment and the State Court Judgment.

18    
19                    ###

20    
21    
22    
23    
24    Date: August 11, 2014

Julia W. Brand
United States Bankruptcy Judge

25    
26    
27    
28

# EXHIBIT  B

# EXHIBIT  B

# EXHIBIT  B

Form B-1036 - (Rev. 02/10)                                                        1998 USBC, Central District of California

| Attorney or Party Name, Address, Telephone & FAX Numbers, California Bar Number | For Court Use Only |
|---|---|
| ADAM L. STRELTZER, Attorney at Law<br>  California Bar Number 175075<br>1875 Century Park East, Suite 700<br>Los Angeles, California 90067<br>Telephone: (424) 652-8010  FAX: (424) 652-2296<br>Email: adam@streltzer.com<br><br>Attorney for Judgment Creditor RONALD KOLODZIEJ, etc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>  PETER D. MULLINS,<br><br>                                        Debtor. | CASE NO.:        2:12-bk-39952-WB<br><br>ADVERSARY NO.:  2:12-ap-02670-WB |
|---|---|
| RONALD KOLODZIEJ, an individual and<br>doing business as NIAGARA CONSTRUCTION,<br>                                        Plaintiff(s),<br><br>                    vs.<br><br>PETER D. MULLINS, an individual,<br>                                        Defendant(s). | **WRIT OF EXECUTION** |

## TO THE UNITED STATES MARSHAL FOR THE CENTRAL DISTRICT OF CALIFORNIA:

YOU ARE DIRECTED to enforce the Judgment described below with interest and costs as provided by law.

On  August 11, 2014 _____, a judgment was entered in the above-entitled action in favor of

 RONALD KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION

as **Judgment Creditor**, and against

 PETER D. MULLINS, an individual

as **Judgment Debtor, for:**

| | | |
|---|---:|---|
| $ | 225,000.00 | PRINCIPAL |
| $ | 0.00 | ATTORNEYS FEES |
| $ | 0.00 | INTEREST |
| $ | 0.00 | COSTS |
| $ | 225,000.00 | **TOTAL JUDGMENT AS ENTERED** |

**Form B-1036 - (Rev. 02/10)**

Page 2 of 3

**1998 USBC, Central District of California**

| In re | CASE NO.: | 2:12-bk-39952-WB |
|---|---|---|
| PETER D. MULLINS | ADVERSARY PROCEEDING NO.: | |
| Debtor(s). | | 2:12-ap-02670-WB |

The following are name(s) and address(es) of the judgment debtor(s) to whom a copy of this writ of execution must be mailed unless it was served at the time of the levy.  This information must be filled in by counsel requesting this writ.

```
PETER D. MULLINS
2633 Lincoln Blvd. #342
Santa Monica, CA 90405
```

Form B-1036 - (Rev. 02/10)    1998 USBC, Central District of California

Page 3 of 3

| In re | | CASE NO.:    2:12-bk-39952-WB |
|---|---|---|
| PETER D. MULLINS | | ADVERSARY PROCEEDING NO.: |
| | Debtor(s). | 2:12-ap-02670-WB |

## NOTICE TO THE JUDGMENT DEBTOR:

You may be entitled to file a claim exempting your property from execution. You may seek the advice of an attorney or may within ten (10) days after the date the notice of levy was served deliver a claim of exemption to the levying officer as provided in Sections 703.510-703.610 of the California Code of Civil Procedure.

According to an affidavit and/or memorandum of costs after judgment, it appears that further sums have accrued since the entry of judgment, to wit:

$ ___438.14___ ACCRUED INTEREST

$ _6,017.50_ ACCRUED COSTS

$ _6,455.64_ **TOTAL**

Credit must be given for payments and partial satisfaction in the amount of $ ___8,000.00___ which is to be credited against the total accrued costs and accrued interest, with any excess credited against the judgment as entered, leaving a net balance of:

$ _223,455.64_ ACTUALLY DUE on the date of the issuance of this writ, of which

$ _217,438.14_ is due on the judgement as entered, and bears interest at _0.11_ % per

annum in the amount of $ _0.65_ per day, from the date of issuance of this writ, to which

must be added the commissions and costs of the officer executing this writ.

DATED: _June 1, 2016_

**KATHLEEN J. CAMPBELL**

**KATHLEEN J. CAMPBELL**
Clerk, United States Bankruptcy Court

By: _Vera Serrano_
Deputy Clerk

**Page 022**

COPY
COURTESY COPY

1 | ADAM L. STRELTZER, Attorney at Law
    California Bar Number 17505
2 | 1875 Century Park East, Suite 700
    Los Angeles, California 90067-2508
3 | Tel: (424) 652-8010
    Fax: (424) 652-2296
4 | Email: adam@streltzer.com

5 | Attorney for Plaintiff RONALD
    KOLODZIEJ, an individual and doing
6 | business as NIAGARA CONSTRUCTION

**FILED & ENTERED**

**AUG 11 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoarDEPUTY CLERK

7 |

CHANGES MADE BY COURT

8 | # UNITED STATES BANKRUPTCY COURT

9 | ## CENTRAL DISTRICT OF CALIFORNIA

10 | ### *LOS ANGELES DIVISION*

11 |

12 | In re

13 | PETER D. MULLINS,

14 | Debtor.

Case No. **2:12-bk-39952-WB**

Chapter **11**
(converted from Chapter 13)

Adv. No. **2:12-ap-02670-WB**

15 |

16 | RONALD KOLODZIEJ, an individual
    and doing business as NIAGARA
    CONSTRUCTION,

17 |

18 | Plaintiff(s),

19 | v.

**JUDGMENT UPON STIPULATION**

Hearing:
Date:   August 5, 2014
Time:   2:00 p.m.
Place:  Courtroom 1375

PETER D. MULLINS, an individual,

20 | Defendant(s).

21 |

22 |     1.    IT IS HEREBY ORDERED THAT, pursuant to a Stipulation between

23 | Defendant PETER D. MULLINS, an individual ("**Defendant**") and Plaintiff RONALD

24 | KOLODZIEJ, an individual and doing business as NIAGARA CONSTRUCTION

25 | ("**Plaintiff**") *(AP Docket No. 61)*, judgment is entered in favor of Plaintiff and against

26 | Defendant as follows: that the judgment entered September 26, 2011, amended *nunc pro*

27 | *tunc* May 14, 2012, by the Superior Court of the State of California, County of Los

28 | Angeles, in favor of Plaintiff and against Defendant in the case entitled *Kolodziej v. Mullins*

1

1    *et al.*, case no. SC100345 ("**State Court Judgment**"), to the extent of and in the amount of

2    two hundred and twenty-five thousand dollars ($225,000.00), shall be Plaintiff's damages in

3    this adversary proceeding and shall constitute a nondischargeable obligation due and owing

4    from Defendant to Plaintiff pursuant to 11 U.S.C. §§523(a) ("**Judgment**").

5         2.      Enforcement of the Judgment shall be stayed, however enforcement shall only

6    be stayed subject to the following:

7         A.      Commencing September 1, 2014, the Defendant shall make the

8    following payments to Plaintiff:

9           i.      Year One (1): For the first twelve (12) months thereafter, the

10    sum of one thousand dollars ($1,000.00) per month, to be received by Plaintiff

11    on or before the end of the business day on the first (1st) business day of each

12    month;

13           ii.      Year Two (2): For the twelve (12) months thereafter, the sum of

14    two thousand dollars ($2,000.00) per month, to be received by Plaintiff on or

15    before the end of the business day on the first (1st) business day of each

16    month;

17           iii.      Balloon Payment: The sum of twelve thousand five hundred

18    dollars ($12,500.00), to be received by Plaintiff on or before the end of the

19    business day on the first (1st) business day of the twenty-fifth (25th) month

20    after confirmation;

21           iv.      Year Three (3): For the twelve (12) months thereafter, the sum

22    of $2,500.00) per month, to be received by Plaintiff on or before the end of

23    the business day on the first (1st) business day of each month;

24           v.      If Defendant confirms a Chapter 11 Plan entered in this within

25    bankruptcy proceeding (2:12-bk-39952-WB), and on said condition only, then

26    Defendant's Chapter 11 Plan shall treat Plaintiff as an unsecured claim, for

27    which Plaintiff consents to such treatment, and Plaintiff shall be entitled to

28    receive any and all payments made or to be made to Plaintiff as an unsecured

1   claimant from the disbursing agent ("**Plan Payments**"). Defendant's Chapter

2   11 Plan shall incorporate provisions that effectuate, or are not in conflict with,

3   this Stipulation and the Judgment to be entered hereon; and

4   vi.    Final payment: The sum of fifty-nine thousand dollars

5   ($59,000.00) (less the total amount of any and all Plan Payments actually

6   received by Plaintiff), to be received by Plaintiff on or before the end of the

7   business day on the first (1st) business day of the thirty-seventh (37th) month

8   after confirmation.

9   B.    If Plaintiff duly and timely receives all of the payments set forth above,

10  which totals the sum of one hundred thirty seven thousand and five hundred dollars

11  ($137,500.00), then Plaintiff shall satisfy the Judgment and forfeit any further Plan

12  Payments in excess thereof.

13  C.    Defendant shall have the right at any time and from time to time to

14  prepay the sums due and payable pursuant to this Stipulation, in whole or in part,

15  without premium or penalty;

16  D.    Time is of the essence in respect to all provisions hereof that specify a

17  time for performance. If Plaintiff does not receive a payment set forth above, on or

18  before its due date, then Plaintiff may deem Defendant to be in default and provide

19  notification to the via electronic mail (email) to *petermullinsrealestate@gmail.com*,

20  with a copy to Defendant's counsel via email to *donna@srhlawfirm.com* and

21  *kevin@srhlawfirm.com* and via Fax to (818) 783-6253, noting the default and the

22  amount of the payment then due. If Plaintiff does not receive such payment within

23  seven (7) calendar days thereafter, then:

24  (i)    Defendant is deemed to consent to the termination of the

25  automatic stay of 11 U.S.C. §362, if any is then in existence;

26  (ii)    The stay of enforcement set forth above in subparagraph (A) is

27  automatically terminated, without any other or further notice to Defendant;

28  (iii)    The payment schedule set forth above in subparagraph (A) is

3

**Page 025**

1      automatically cancelled and of no further force or effect; and

2                (iv)     Plaintiff may immediately seek to enforce the Judgment by any

3 means permissible at law or equity for the enforcement of a money judgment,

4 plus accrued interest, fees, and costs, but less the total amount of all payments

5 actually received by Plaintiff before default.

6      E.     No waiver of any breach, failure, right, or remedy shall be deemed a

7 waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall

8 any waiver constitute a continuing waiver.

9      F.     All payments to be made pursuant hereto shall be in United States

10 Dollars, and will be in the form of a check, drawn on good funds, made payable to

11 the "Costa, Abrams & Coate, LLP Client Trust Account," Attention: Joseph P. Costa,

12 Esq., and delivered on or before the due date during normal business hours to 1221

13 Second Street, Third Floor, Santa Monica, California 90401; (310) 576-6161.

14      3.     This Judgment shall earn simple interest accruing at the maximum rate as

15 provided by law from the date of entry hereon.

16      4.     Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs

17 incurred with respect to the enforcement of the Judgment and the State Court Judgment.

18

19                          ###

20

21

22

23

24 Date: August 11, 2014            *Julia W Brand*

                      Julia W. Brand

25                       United States Bankruptcy Judge

26

27

28

4

# EXHIBIT  C

# EXHIBIT  C

# EXHIBIT  C

# STATE OF CALIFORNIA
# BUREAU OF REAL ESTATE

The license information shown below represents public information taken from the Bureau of Real Estate(CalBRE) database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License information taken from records of the Bureau of Real Estate on 9/1/2016 2:26:12 PM

---

| | |
|---|---|
| **License Type:** | BROKER |
| **Name:** | Mullins, Peter D |
| **Mailing Address:** | 2633 LINCOLN BLVD # 243<br>SANTA MONICA, CA 90405 |
| **License ID:** | 00973691 |
| **Expiration Date:** | 05/10/17 |
| **License Status:** | LICENSED |
| **Salesperson License Issued:** | 11/03/87 (Unofficial -- taken from secondary records) |
| **Broker License Issued:** | 05/11/00 |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 11940 SAN VICENTE BLVD SUITE 100<br>LOS ANGELES, CA 90049 |
| **DBA** | AP Real Estate<br>ACTIVE AS OF 05/11/2000 |
| **Branches:** | NO CURRENT BRANCHES |
| **Affiliated Licensed Corporation(s):** | 01290123 - Officer Expiration Date: 11/30/08<br>St Onge Mullins Properties Inc<br>OFFICER LICENSE EXPIRED AS OF 12/01/08<br><br>01884318 - Officer Expiration Date: 06/16/14<br>Peter Mullins Real Estate Inc<br>OFFICER LICENSE EXPIRED AS OF 06/17/14 |
| **Comment:** | NO DISCIPLINARY ACTION<br><br>NO OTHER PUBLIC COMMENTS<br><br>>>>> Public information request complete <<<< |

# EXHIBIT  D

# EXHIBIT  D

# EXHIBIT  D

Peter Mullins
**PROPERTIES**
310.600.6976

| HOME | LISTINGS | SALES | SEARCH MLS | TEAM | CONTACT |



Call us! 310.600.6976

## STUNNING OCEAN PARK LOCATION

Bright and Breezy Beach Bungalow
with Two Guest Houses. Easy to Show!

### $2,195,000

ALL LISTINGS

## LATEST PROPERTIES FOR SALE




**Page 030**

### PIER AVENUE

$2,195,000

5 Bedrooms

Ocean Park Compound with Beach Bungalow in the front and 2 guest cottages to the rear. Main house has charming sun porch entry to bright and breezy interiors.

[READ MORE]

### 3RD STREET

$3,599,000

3 Bedrooms

Vintage Home and 3 separate bungalows on elevated lot. Bright and breezy charm filled interiors throughout with remodeled kitchens and bathrooms. Tasteful blend of contemporary upgrades and original period detailing.

[READ MORE]

## LATEST PROPERTIES SOLD



### GREENWOOD AVENUE

4 Bedrooms

Elevated Mar Vista Hill lot - 2 level floor plan with open 24ft center atrium. Featuring Waterworks®, Ann Sacks Tile, Hans Grohe® & Dorn Bracht® fixtures. Built by Grossman & Gold in 2007. Floating steel and wood staircase leads to sweeping open plan living spaces and Chef's Kitchen. Unique folding doors lead to Private Roof Terrace with city views. Douglas Fir Wood Floors throughout living space.

**$1,600,000**

### 5TH AVENUE

3 Bedrooms

A classic vintage cottage in one of Venice's most sought after neighborhoods. Charm-filled interior spaces with wonderful ambient light and pride of ownership. Period detailing, fireplace in living room, moldings, archways, original deco tile in main bathroom and restored wood floors throughout. Steps to bustling Rose Avenue cafes and an easy stroll to the beach.

**$1,695,000**



**Page 031**

# A TEAM YOU CAN TRUST



### BOUTIQUE CULTURE

Peter Mullins Properties combines the specialized client services of a boutique team with the knowledge and resources of a larger agency.



### NEGOTIABLE COMMISSIONS

As an independent brokerage, Peter Mullins Properties offers the flexibility of negotiable commissions.



### INDUSTRY EXPERIENCE

With over 28 years of industry experience in the area, Peter Mullins Properties has closed over 3,000 transactions of all types.

**Page 032**

# CONTACT US

**ADDRESS**

Ocean Park
Santa Monica, CA 90405



**TO SPEAK WITH US,
PLEASE CALL OR EMAIL:**

Email: peter@petermullinsproperties.com
Tel: 310.600.6976
Fax: 310.881.6919

**ALTERNATIVELY YOU CAN FILL
IN THE FOLLOWING CONTACT
FORM:**

Name

Email

Subject

Message

Send

© Peter Mullins Properties
© Peter Mullins Real Estate

  

# EXHIBIT  E

# EXHIBIT  E

# EXHIBIT  E


Try our Beta Site!

Home    Find Agent    Find Office    Register    Agent Login    Public Login

**435 PIER AVE,**
Back    SANTA MONICA, CA. 90405    Add Favorite

Listing Price: $2,195,000
Beds 4    Baths 3





🚗 Driving Directions    **Details**    Map    WalkScore    Calc    🔲 SHARE

| | | | |
|---|---|---|---|
| MLS#: | 16-126042 | Open House: | N/A |
| APN#: | 4287-026-011 | Property Type: | Income |
| Status: | Active | Sale Type: | Standard |
| Lot Size: | 5995 | Land Type: | N/A |
| Sq Ft: | 2200 | Lease Amount: | N/A |
| Beds: | 4 | Lease Exp: | N/A |
| Baths: | 3 | HOD: | N/A |
| Style: | N/A | Area: | Santa Monica |
| Year Built: | 1908 | City: | SANTA MONICA |
| Subdivision: | | Zip code: | 90405 |
| Roof: | N/A | Map: | N/A |
| Spa: | N/A | View: | N/A |
| Tennis: | N/A | Waterfront: | N/A |
| Laundry: | N/A | Sewer: | N/A |
| Heat: | Forced Air, Wall | Parking #: | 3 |
| Air: | None | Security: | N/A |
| Amenities: | N/A | | |
| Pool: | | | |
| Floor: | N/A | | |
| Rooms: | N/A | | |
| Fireplace: | N/A | | |
| Parking: | Garage - 2 Car | | |

1  2  3  4  5  6  7
View Property Website    Virtual Tour

### Remarks

🏘 Community Report

Ocean Park Compound in fantastic location. comprising of Beach Bungalow in the front and 2 guest cottages to the rear. Main house has charming sun porch entry to bright and breezy interiors.Living room with vaulted tongue and groove ceilings,exposed beams and fireplace.Both Kitchen and master also have vaulted ceilings.2 spacious walk in closets. Guest bedroom is en suite. Both cottages have lots of vintage charm and period detailing and #B is a 2 bedroom and has it's own private yard.Front has washer and dryer and cottages have a shared laundry Large 2 car garage and bonus storage room. Enormous potential for owner user, extended family or work from home professionals. Leave your car at home and walk to all the Main Street activities including restaurants, coffee houses and The Sunday Farmer's Market. A unique opportunity to acquire a real life style investment in South Santa Monica Beach.

### Real Estate Agents

**Name:** Mullins, Peter | ✉ Email
**Phone:** 310-600-6976    **Cell:** 310-600-6976
**CalBRE #:** 00973691
 Website
**Office:** PETER D MULLINS
**Office Phone:** 310-600-6976

**Name:** N/A, N/A
**Phone:** N/A    **Cell:** N/A
**CalBRE #:** N/A
**Office Name:** N/A
**Office Phone:** N/A

Last Updated: 8/22/2016 11:21:49 AM

### Similar Listings You May Like:


**1820 17TH ST**
SANTA MONICA, CA 90404
Bed: 6 | Bath: 4
Sq Feet: 2074

LP: **$1,489,000**
Distance: 1.01 mi

**2117 Stewart Street**
Santa Monica, CA 90404
Bed: N/A | Bath: N/A
Sq Feet: 2544

LP: **$1,995,000**
Distance: 1.93 mi

### Recently Sold Listings:


**2525 7TH ST**
SANTA MONICA, CA 90405
Bed: 4 | Bath: 5
Sq Feet: 2172

LP: **$1,850,000**
SP: **$1,600,000**
Distance: 0.98 mi

**1438 11TH ST**
SANTA MONICA, CA 90401
Bed: 4 | Bath: 5
Sq Feet: 2582

LP: **$2,000,000**
SP: **$1,800,000**
Distance: 0.49 mi


**1115 MAPLE ST**
SANTA MONICA, CA 90405
Bed: 4 | Bath: 3
Sq Feet: 2334

LP: **$1,950,000**
SP: **$1,839,500**
Distance: 1.10 mi


**2230 Delaware AVE**
SANTA MONICA, CA 90404
Bed: N/A | Bath: N/A
Sq Feet: 2346

LP: **$1,165,000**
SP: **$1,070,000**
Distance: 1.46 mi

**2002 18TH ST**
SANTA MONICA, CA 90404
Bed: 6 | Bath: 3
Sq Feet: 2474

LP: **$1,425,000**
SP: **$1,425,000**
Distance: 1.17 mi

9/1/2016    Multiple Listing Service Los Angeles Real Estate - TheMLS.com
Case 2:12-ap-02670-WB    Doc 70   Filed 09/02/16   Entered 09/02/16 14:57:16    Desc
Main Document    Page 36 of 48

MLS Notice/Fair Housing:
Proper ies & rentals in this MLS are subject to the Fair Housing Act. It is illegal to advertise any preference, limitation, or discrimination because of race, color, religion, sex, handicap, familial status, or national origin, or intention to make any such preference, limitation or discrimina ion. This MLS will not knowingly accept any advertising  hat is in violation of the law. All dwellings adver ised are available on an equal opportunity basis. The information provided by Combined LA/Westside Multiple Listing Service, Inc. is intended for the sole and exclusive use of its Participants and Subscribers. The information provided herein is copyrighted in 2016 by Combined LA/Westside Multiple Listing Service, Inc., Los Angeles, California. Any unauthorized use or disclosure to persons or entities other than to authorized Par icipants and Subscribers is stric ly prohibited and a violation of the copyright.

©1995-2016 The MLS™ All rights reserved. Terms of Use | Forms | Rules & Regula ions | Smarter Agent | Feedback | Contact Us

# EXHIBIT  F

# EXHIBIT  F

# EXHIBIT  F

 

Try our Beta Site!

 Like 8.3K  Follow

Home   Find Agent   Find Office   Register   Agent Login   Public Login

**Back**   **2817 3RD ST,**
SANTA MONICA, CA. 90405
⭐ Add Favorite

**Listing Price: $3,599,000**
Beds 5   Baths 5



🚗 Driving Directions   **Details**   Map   WalkScore   Calc    🔗 SHARE

| | | | |
|---|---|---|---|
| MLS#: | 16-100550 | Open House: | N/A |
| APN#: | 4287-022-014 | Property Type: | Income |
| Status: | Active | Sale Type: | Standard |
| Lot Size: | 6376 | Land Type: | N/A |
| Sq Ft: | 2600 | Lease Amount: | N/A |
| Beds: | 5 | Lease Exp: | N/A |
| Baths: | 5 | HOD: | N/A |
| Style: | N/A | Area: | Santa Monica |
| Year Built: | 1922 | City: | SANTA MONICA |
| Subdivision: | | Zip code: | 90405 |
| Roof: | N/A | Map: | N/A |
| Spa: | N/A | View: | N/A |
| Tennis: | N/A | Waterfront: | N/A |
| Laundry: | N/A | Sewer: | N/A |
| Heat: | Wall | Parking #: | 3 |
| Air: | Wall Unit(s) | Security: | N/A |
| Amenities: | N/A | | |
| Pool: | | | |
| Floor: | N/A | | |
| Rooms: | N/A | | |
| Fireplace: | N/A | | |
| Parking: | Driveway - Combina ion | | |

1 2 3 4 5 6 7 8
  
🖼 View Property Website   🎥 Virtual Tour

## Remarks

🏘 Community Report

Vintage Home and 3 separate bungalows on elevated lot. Perfect for family Compound or work from home professionals. Bright and breezy charm filled interiors throughout with remodeled kitchens and bathrooms. Tasteful blend of contemporary upgrades and original period detailing. Main house has 2 en suite bedrooms and office with sundeck and private patio yard. Additional attic bonus room and basement storage room Peek of ocean views from all 4 components. Very unique property superbly located on Ocean Park's 3rd Street. An easy stroll to trendy Main St.coffee houses,cafes,boutiques and The Sunday Farmer's Market. Leave your car at home and enjoy life at the beach.

## Real Estate Agents

**Name:** Mullins, Peter | ✉ Email
**Phone:** 310-600-6976      **Cell:** 310-600-6976
**CalBRE #:** 00973691
🖼 Website

**Office:** PETER D MULLINS
**Office Phone:** 310-600-6976

**Name:** N/A, N/A
**Phone:** N/A      **Cell:** N/A
**CalBRE #:** N/A

**Office Name:** N/A
**Office Phone:** N/A

Last Updated: 8/30/2016 11:01:20 AM

### Similar Listings You May Like:

 **18TH**
SANTA MONICA, CA 90404
Bed: 5 | Bath: 2
Sq Feet: 2800

     LP: **$2,100,000**
Distance: 1.05 mi

**2117 Stewart Street**
Santa Monica, CA 90404
Bed: N/A | Bath: N/A
Sq Feet: 2544

     LP: **$1,995,000**
Distance: 1.93 mi

**1139 23RD ST**
SANTA MONICA, CA 90403
Bed: N/A | Bath: N/A
Sq Feet: 2689

     LP: **$2,999,999**
Distance: 1.48 mi

### Recently Sold Listings:

 **711 MARINE ST**
SANTA MONICA, CA 90405
Bed: 7 | Bath: 3
Sq Feet: 2657

     LP: **$1,898,000**
SP: **$1,711,240**
Distance: 1.37 mi

 **1943 19TH ST**
SANTA MONICA, CA 90404
Bed: 6 | Bath: 4
Sq Feet: 3011

     LP: **$1,850,000**
SP: **$1,770,000**
Distance: 1.25 mi

**2002 18TH ST**
SANTA MONICA, CA 90404
Bed: 6 | Bath: 3
Sq Feet: 2474

     LP: **$1,425,000**
SP: **$1,425,000**
Distance: 1.17 mi

 **1438 11TH ST**
SANTA MONICA, CA 90401
Bed: 4 | Bath: 5
Sq Feet: 2582

     LP: **$2,000,000**
SP: **$1,800,000**
Distance: 0.49 mi

**808 26th Street**
Santa Monica, CA 90403
Bed: N/A | Bath: N/A
Sq Feet: 2978

     LP: **$1,699,999**
SP: **$1,700,000**
Distance: 1.89 mi

MLS Notice/Fair Housing:
Proper ies & rentals in this MLS are subject to the Fair Housing Act. It is illegal to advertise any preference, limitation, or discrimination because of race, color, religion, sex, handicap, familial status, or national origin, or intention to make any such preference, limitation or discrimina ion. This MLS will not knowingly accept any advertising hat is in violation of the law. All dwellings adver ised are available on an equal opportunity basis. The information provided by Combined LA/Westside Multiple Listing Service, Inc. is intended for the sole and exclusive use of its Participants and Subscribers. The information provided herein is copyrighted in 2016 by Combined LA/Westside Multiple Listing Service, Inc., Los Angeles, California. Any unauthorized use or disclosure to persons or entities other than to authorized Par icipants and Subscribers is stric ly prohibited and a violation of the copyright.

©1995-2016 The MLS™ All rights reserved.  Terms of Use | Forms | Rules & Regula ions | Smarter Agent | Feedback | Contact Us

**Page 039**

# EXHIBIT  G

# EXHIBIT  G

# EXHIBIT  G

## *Cal Code Civ Proc § 708.510*

Deering's California Codes are current with urgency legislation through Chapter 219 of the 2016 Regular Session and Chapter 8 of the 2015-16 2nd Extraordinary Session, and ballot measures approved by the electorate at the June 7,2016, Presidential Primary Election.

*Deering's California Code Annotated > CODE OF CIVIL PROCEDURE > Part 2. Of Civil Actions > Title 9. Enforcement of Judgments > Division 2. Enforcement of Money Judgments > Chapter 6. Miscellaneous Creditors' Remedies > Article 6. Assignment Order*

## § 708.510. Order to assign right to payment

**(a)** Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:

  **(1)** Wages due from the federal government that are not subject to withholding under an earnings withholding order.

  **(2)** Rents.

  **(3)** Commissions.

  **(4)** Royalties.

  **(5)** Payments due from a patent or copyright.

  **(6)** Insurance policy loan value.

**(b)** The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail.

**(c)** Subject to subdivisions (d), (e), and (f), in determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), the court may take into consideration all relevant factors, including the following:

  **(1)** The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.

  **(2)** Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.

  **(3)** The amount remaining due on the money judgment.

  **(4)** The amount being or to be received in satisfaction of the right to payment that may be assigned.

**(d)** A right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the money judgment.

**(e)** When earnings or periodic payments pursuant to a pension or retirement plan are assigned pursuant to subdivision (a), the amount of the earnings or the periodic payments assigned shall not

exceed the amount that may be withheld from a like amount of earnings under Chapter 5 (commencing with Section 706.010) (Wage Garnishment Law).

**(f)** Where a specific amount of the payment or payments to be assigned is exempt by another statutory provision, the amount of the payment or payments to be assigned pursuant to subdivision (a) shall not exceed the amount by which the payment or payments exceed the exempt amount.

## History

Added Stats 1982 ch 1364 § 2, operative July 1, 1983. Amended *Stats 1992 ch 163 § 51 (AB 2641)*, operative January 1, 1994.

## Annotations

## Notes

**Amendments:**

**1992 Amendment:**

Added ", including earnings assignment orders for support" at the end of subd (c)(2).

## Commentary

**Legislative Committee Comment:**

Section 708.510 provides a new procedure for reaching certain forms of property that cannot be reached by levy under a writ of execution, such as the nonexempt loan value of an unmatured life insurance, endowment, or annuity policy. See Sections 699.720(a)(6), 704.100. It also provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable, general intangibles, judgments, and instruments. This section does not make any property assignable that is not already assignable. This remedy may be used alone or in conjunction with other remedies provided in this title for reaching rights to payment, such as execution, orders in examination proceedings, creditors' suits, and receivership. The use of this remedy is subject to limitations on the time for enforcement of judgments. See Sections 683.010-683.220.

The introductory clause of subdivision (a) recognizes that certain rights to future payments, such as pension benefits, are protected by law from assignment. See, *e.g., 5 U.S.C. § 8346* (1976) (federal government employees' retirement benefits); *45 U.S.C. § 231m* (1976) (railroad employees' annuities).

Paragraph (1) of subdivision (a) provides a new means to reach federal employees' wages. Such wages generally may not be garnished but may be reached in examination proceedings by an order to the judgment debtor to endorse and deliver paychecks to a receiver. See *Sheridan v. Sheridan, 33 Cal. App.3d 917, 109 Cal. Rptr. 466 (1972).* However, pursuant to *42 U.S.C. § 659* (Supp. III 1979), the wages of federal employees may be garnished for the enforcement of child support and alimony payments as if the United States were a private person.

Paragraph (2) permits issuance of an order for the assignment of the right to payment of rent. Under former law, it was held that future rental installments could not be reached by garnishment. See *Hustead v. Superior Court, 2 Cal. App.3d 780, 785-87, 83 Cal. Rptr. 26 (1969).*

The assignment of a right to charge commissions or royalties pursuant to paragraphs (3) and (4) may be a more appropriate manner for reaching such uncertain amounts than through levy and sale as permitted in *Meacham v. Meacham, 262 Cal. App.2d 248, 252, 68 Cal. Rptr. 746 (1968).*

The nonexempt loan value (see Section 704.100) of an unmatured life insurance, endowment, or annuity policy may not be reached by a levy of execution (see Section 699.720), but may be reached by an assignment order under paragraph (6).

Subdivision (c) is based on the standard for fixing the amount of payments under the New York installment payment order procedure. See N.Y. Civ. Proc. Law & R. § 5226 (McKinney 1978).

Subdivision (d) recognizes that the amount collected by the judgment creditor pursuant to this article may not exceed the amount necessary to satisfy the judgment. See also Sections 685.020 (accrual of interest), 685.030 (cessation of interest), 685.040 (right to costs).

Subdivisions (e) and (f) recognize limitations on the assignment order procedure imposed by exemption laws. See Section 703.010

**1992 Amendment**

Subdivision (c)(2) of Section 708.510 is amended to make clear that the court is to take into consideration any earnings assignment order for support. "Earnings assignment order for support" is defined in Section 706.011.

## *Cal Code Civ Proc § 708.520*

Deering's California Codes are current with urgency legislation through Chapter 219 of the 2016 Regular Session and Chapter 8 of the 2015-16 2nd Extraordinary Session, and ballot measures approved by the electorate at the June 7,2016, Presidential Primary Election.

*Deering's California Code Annotated* > *CODE OF CIVIL PROCEDURE* > *Part 2. Of Civil Actions* > *Title 9. Enforcement of Judgments* > *Division 2. Enforcement of Money Judgments* > *Chapter 6. Miscellaneous Creditors' Remedies* > *Article 6. Assignment Order*

## § 708.520. Restraining assignment or other disposition

**(a)** When an application is made pursuant to Section 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.

**(b)** The court may issue an order pursuant to this section upon a showing of need for the order. The court, in its discretion, may require the judgment creditor to provide an undertaking.

**(c)** The court may modify or vacate the order at any time with or without a hearing on such terms as are just.

**(d)** The order shall be personally served upon the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to being held in contempt of court.

## History

Added Stats 1982 ch 1364 § 2, operative July 1, 1983.

Deering's California Codes Annotated

Copyright © 2016 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

---

**End of Document**

## *Cal Code Civ Proc § 708.530*

Deering's California Codes are current with urgency legislation through Chapter 219  of the 2016 Regular
Session and Chapter 8 of the 2015-16 2nd Extraordinary Session, and ballot measures approved by the
electorate at the June 7,2016, Presidential Primary Election.

*Deering's California Code Annotated* > *CODE OF CIVIL PROCEDURE* > *Part 2. Of Civil Actions* > *Title 9.
Enforcement of Judgments* > *Division 2. Enforcement of Money Judgments* > *Chapter 6. Miscellaneous
Creditors' Remedies* > *Article 6. Assignment Order*

## § 708.530. Effect and priority of assignment

(a) Except as provided in subdivision (b), the effect and priority of an assignment ordered pursuant to
this article is governed by *Section 955.1 of the Civil Code*. For the purpose of priority, an assignee
of a right to payment pursuant to this article shall be deemed to be a bona fide assignee for value
under the terms of *Section 955.1 of the Civil Code*.

(b) An assignment of the right to future rent ordered under this article is recordable as an instrument
affecting real property and the priority of such an assignment is governed by *Section 1214 of the
Civil Code*.

## History

Added Stats 1982 ch 1364 § 2, operative July 1, 1983. Amended Stats 1984 ch 538 § 32.

Deering's California Codes Annotated

Copyright © 2016 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

End of Document

## *Cal Code Civ Proc § 708.540*

Deering's California Codes are current with urgency legislation through Chapter 219  of the 2016 Regular Session and Chapter 8 of the 2015-16 2nd Extraordinary Session, and ballot measures approved by the electorate at the June 7,2016, Presidential Primary Election.

*Deering's California Code Annotated*  >  *CODE OF CIVIL PROCEDURE*  >  *Part 2. Of Civil Actions*  >  *Title 9. Enforcement of Judgments*  >  *Division 2. Enforcement of Money Judgments*  >  *Chapter 6. Miscellaneous Creditors' Remedies*  >  *Article 6. Assignment Order*

## § 708.540. Rights of person obligated

The rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor. For the purpose of this section, "obligor" means the person who is obligated to make payments to the judgment debtor or who may become obligated to make payments to the judgment debtor depending upon future developments.

## History

Added Stats 1982 ch 1364 § 2, operative July 1, 1983.

DEERING'S CALIFORNIA CODES ANNOTATED

Copyright © 2016 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

End of Document

## *Cal Code Civ Proc § 708.550*

Deering's California Codes are current with urgency legislation through Chapter 219  of the 2016 Regular Session and Chapter 8 of the 2015-16 2nd Extraordinary Session, and ballot measures approved by the electorate at the June 7,2016, Presidential Primary Election.

*Deering's California Code Annotated  >  CODE OF CIVIL PROCEDURE  >  Part 2. Of Civil Actions  >  Title 9. Enforcement of Judgments  >  Division 2. Enforcement of Money Judgments  >  Chapter 6. Miscellaneous Creditors' Remedies  >  Article 6. Assignment Order*

## § 708.550. Exemption procedure

    **(a)** The judgment debtor may claim that all or a portion of the right to payment is exempt from enforcement of a money judgment by application to the court on noticed motion filed not later than three days before the date set for the hearing on the judgment creditor's application for an assignment order. The judgment debtor shall execute an affidavit in support of the application that includes all of the matters set forth in subdivision (b) of Section 703.520. Failure of the judgment debtor to make a claim of exemption is a waiver of the exemption.

    **(b)** The notice of the motion shall be personally served on the judgment creditor not later than three days before the date set for the hearing.

    **(c)** The court shall determine any claim of exemption made pursuant to this section at the hearing on issuance of the assignment order.

## History

Added Stats 1982 ch 1364 § 2, operative July 1, 1983.

Deering's California Codes Annotated

Copyright © 2016 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

**End of Document**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1875 Century Park East, Suite 700, Los Angeles, CA 90067 and 400 Corporate Pointe, Suite 300, Culver City, CA 90230.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER ASSIGNING JUDGMENT DEBTOR'S RIGHT TO PAYMENTS AND ORDER RESTRAINING JUDGMENT DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ADAM L. STRELTZER [F.R.B.P. Rule 7069; F.R.C.P. Rule 69(a)(1); Cal. Code of Civ. Proc. §§708.510 & 708.520]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/02/2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Dana M Douglas            -        dmddouglas@hotmail.com
- Kevin T Simon              -        kevin@srhlawfirm.com, ktsecf@gmail.com
- Adam L Streltzer           -        adam@streltzer.com
- United States Trustee (LA)  -        ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) **09/02/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **09/02/2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- Hon. Julia W. Brand, United States Bankruptcy Court, 255 E. Temple Street, Suite 1382, Los Angeles, California 90012 [USPS Priority Mail]
- Peter D. Mullins, 2633 Lincoln Blvd. #342, Santa Monica, California 90405 [USPS Priority Mail]
- Peter D. Mullins, 2520 5th St. #A, Santa Monica, California 90405 [USPS Priority Mail]
- Donna Dishbak, Esq., 433 N. Camden Drive, 4th Fl., Beverly Hills, CA 90210 [USPS Priority Mail]

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/02/2016 | ADAM L. STRELTZER | /s/ Adam L. Streltzer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**